In the Matter of the Application of JOSEPH E. LEVINE, a Bankrupt, Petitioner, to Have a Certain Judgment in Favor of JACK LEVINE, Respondent, Canceled of Record.

Supreme Court, Special Term, Kings County, October 4, 1941.

*Wegman & Climenko*, for the petitioner.

*Hoffman & Hoffman*, for the respondent.

LEWIS, J. This motion is made pursuant to section 150 of the Debtor and Creditor Law to discharge and cancel of record a certain judgment. On April 22, 1940, the petitioner was discharged in bankruptcy from all dischargeable debts and claims. The judgment in question was duly scheduled in the bankruptcy proceedings. Thereafter, but within one year of the discharge, the petitioner moved to vacate a subpœna in proceedings supplementary to said judgment and for an adjudication that the obligation referred to in the subpœna was discharged by the proceeding in the bankruptcy court. The motion came on before Mr. Justice NOVA, who referred the question of the relationship between the judgment creditor and judgment debtor to an official referee. The latter found that there was a trust relationship. In confirming the report of the referee and in denying the motion to vacate the subpœna, Special Term held that the debt was not dischargeable in bankruptcy. Upon appeal the Appellate Division unanimously affirmed. The court said in part: " The proof clearly shows that there was a willful and malicious conversion of the judgment creditor's property by the judgment debtor so that the judgment by confession entered for such conversion was not a debt dischargeable in bankruptcy under clause (2) of subdivision a of section 17 of the Bankruptcy Act * * *." (*Levine* v. *Levine* 262 App. Div. 749.) The Court of Appeals dismissed a motion for leave to appeal upon the ground that the order of the Appellate Division was not a final order (286 N. Y. 671).

These earlier proceedings conclusively established the non-dischargeability of the debt in question, and that issue may not be relitigated here by motion made under section 150 of the Debtor

and Creditor Law. In deciding the motion to vacate the subpœna it was necessary to determine whether the debt had already been discharged. That issue was presented to the court by both parties. The opinions of the referee, of Special Term, and of the Appellate Division clearly indicate that precisely such issue was considered and determined. The petitioner has had a full hearing on the matter sought to be adjudicated herein and is bound thereby.

It is urged that the judgment debtor could not maintain a proceeding to discharge and cancel the judgment until the expiration of a year from the time of the discharge in bankruptcy. Whether or not Special Term had jurisdiction to cancel the judgment before such time is immaterial. The motion to vacate the subpœna was properly before the court. In order to determine that motion it was necessary to resolve the issue of dischargeability. Petitioner also urges that the order denying his application to vacate the subpœna is not a final order and that the issues in an action or proceeding can be conclusively determined only by a final judgment or order. The case of *Bannon* v. *Bannon* (270 N. Y. 484) is relied upon in support of this proposition. There, in an action for separation, the plaintiff's motion for alimony *pendente lite* was denied upon a finding that no marital relation existed between the plaintiff and defendant. Defendant then served a supplemental answer alleging that such determination was *res judicata* in the action. The Court of Appeals stated that the existence of the marriage relation is an essential element in a cause of action for separation and that final decision upon such issue must await a final judgment on the merits. The case merely holds that a provisional determination cannot be *res judicata*. The test of finality for the purpose of *res judicata* is whether the finding is tentative or rather intended to fix rights without further contest upon the same issue. It is not necessary that the determination be appealable to the Court of Appeals, nor is an interlocutory motion as such denied the effect of *res judicata*. (See *Sears, Roebuck & Co.* v. *9 Ave.-31 St. Corp.*, 274 N. Y. 388.)

The question of the dischargeability of petitioner's debt was presented upon the motion to vacate the subpœna. The determination therein was intended to be final as distinguished from provisional. The motion is, therefore, denied.