Culver K. Barr, J.
On defendant’s motion for summary judgment and dismissal of the complaint herein, pursuant to CPLR 3211 (subd. [a], par. 5) and CLPR 3212, on the ground of res judicata, the facts pertinent to the motion are undisputed.
On January 17, 1969, in the City of Rochester, New York, an automobile collision occurred between two vehicles, one owned and operated by the defendant, Juan Rios, and the second operated by one Harvey Anderson and owned by the plaintiff, Rochester Coca-Cola Bottling Corp.
As a result of the accident, Juan Rios commenced an action to recover damages for personal injuries and property damage *521 he sustained against Harvey Anderson and Rochester Coca-Cola Corp. This action was instituted in Supreme Court, Monroe County, and was thereafter transferred to City Court, where the parties stipulated to submit the action to arbitration.
On July 13, 1971, an arbitration hearing was held and the panel of three attorneys made an award in favor of Juan Rios against the defendants therein in the amount of $750. The defendants made no demand for trial de novo and a judgment was entered upon the award.
Sometime after the action of Juan Rios was commenced, a second action, this case, was commenced by Rochester Coca-Cola Bottling Corp., as plaintiff, against Juan Rios, as defendant, to recover the former’s property damage sustained as a result of the aforesaid collision. Defendant Juan Rios now moves to dismiss this pending action upon the ground that the judgment in the prior action is res judicata as to the issues in the pending-case. Plaintiff Rochester Coca-Cola Bottling Corp. takes the position that the issues of the prior action were not litigated on the merits before a court of competent jurisdiction and, therefore, the award and judgment have no such res judicata effect.
Thus, in the word of the arbitration commissioner, this motion involves the fundamental question as to the legal effect of a judgment entered upon a decision and award of a panel of arbitrators.
The arbitration system is governed by section 213 (subd. 8) of the Judiciary Law as well as Part 28 (22 NYCRR Part 28) of the Rules of the Administrative Board, Rules Governing Compulsory Arbitration, as amended May 13, 1971. The foregoing statute authorizes the Administrative Board to promulgate rules for compulsory arbitration, including procedures to initiate, conduct and determine the arbitration. The statute further provides that “A judgment may be entered upon the arbitration award. ”
Under section 28.8 (subd. [b]) of the Rules of Arbitration, the arbitrators have the general powers of a court, including the power to decide all questions of law and fact in the cases heard before them. Following an arbitration hearing, the arbitrators are required by the rules to render a decision, called a report and award. The original of this decision is then filed with the clerk of the court.
Section 28.11 (subd. [b]) of the Rules of Arbitration provides that, unless a demand is made for a trial de novo, or the award is vacated, the award becomes final and a judgment may be entered thereon, together with costs and disbursements taxed *522 in accordance with the Uniform City Court Act. Accordingly, by statute and rule, there can he no question that, unless a party rejects the results of arbitration by filing a timely demand for trial de novo, the decision of the arbitrators results in a final judgment.
In the case in which Mr. Bios was the plaintiff, in order for the arbitration panel to make an award in favor of Mr. Bios and against Mr. Anderson and Bochester Coca-Cola Bottling Corp., it must necessarily have determined that Mr. Bios was free of contributory negligence and that Harvey Anderson, primarily and Bochester Coca-Cola Bottling Corp., derivatively, were guilty of negligence. There is no reason to suppose that the proof in this pending action would in any material way differ from the proof in the earlier arbitration hearing.
It would seem that the rationale behind the application of res judicata principles to judgments reached in courts of law should have equal application to judgments predicated upon decisions and awards made in arbitration. In the interest of uniformity of judgments, avoidance of duplication of costs and multiplicity of actions, parties should be encouraged to try in one hearing, whether in arbitration or in a court of law, all claims arising out of the same occurrence. To hold that the judgment in the prior arbitration hearing is conclusive of the issues of negligence in this pending action is compatible and consistent with this objective. A judgment entered upon an arbitration award is enforceable as any other judgment and there seems to be no good reason to otherwise limit the operative effect of the judgment.
In my opinion, having had the opportunity to litigate completely the issues of negligence in arbitration, and having chosen to accept the resulting award, the parties should he foreclosed from relitigating the same issues either in a second arbitration hearing or otherwise. It is my holding, therefore, that the legal and operative effect of such a judgment resulting from an arbitration hearing and award is the same as that of a judgment reached following a trial by traditional court processes.
Accordingly, the defendant’s motion for summary judgment and dismissal of the complaint herein, pursuant to CPLB 3211 (subd. [a], par. 5) and CPLB 3212, on the ground of res judicata, is granted.