David 0. Boehm, J.
This is an appeal from an order and judgment of the City Court of Rochester, Civil Branch, granting the motion of the plaintiff to dismiss defendant’s application for a trial de novo. The action was originally commenced in the City Court for a sum of money only in the amount of $1,100 and the note of issue was filed September 7, 1971.
Under the Rules of the Administrative Board of the Judicial Conference of the State of New York, compulsory arbitration has been in effect in the Rochester City Court since September 1,1970 in all actions for a sum of money only, except those commenced in Small Claims Part, which were noticed for trial in or transferred to City Court. Such cases, where recovery sought is $4,000 or less, exclusive of costs and interest, must be heard and decided by a panel of three arbitrators. (22 NYCRR 28.2.)
Accordingly, since the action was noticed for trial in the Rochester City Court after September 1, 1970, the case was referred to an arbitration panel as required. On December 17, 1971 a hearing was had before the panel at which time all the parties and their witnesses gave proof and an award was filed January 5, 1972 by the panel in favor of the plaintiff for the amount demanded in the complaint.
Although it appears that the parties entered into a stipulation agreeing to arbitrate, such stipulation was unnecessary as, under the rules, arbitration was mandatory. Therefore, the fact that there was an agreement to arbitrate does not alter the fact that the parties were .obligated to do so.
Thereafter, by notice and affidavit, defendant moved for a trial de novo in the Rochester City Court pursuant to rule 3496.11 (a) of the Rules of the City Court of the City of Rochester (now rule 28.12 [a]; 22 NYCRR 28.12 [a]) of the Rules of the Administrative Board of the Judicial Conference of the State of New York. This application was denied by the City Court and it is from such denial that this appeal is brought.
The compulsory arbitration program has been such a success in Rochester that less than a year after it went into effect it was extended to the Civil Court of Bronx County (May 17, 1971) and thereafter, on March 1,1972, to the City Court of Binghamton. Recognition must be given to its accomplishments and its purpose if it is to continue performing as well as it has.
*466 Statistics received from the Monroe County Compulsory Arbitration Program for the July, 1971-June, 1972 judicial year give a very positive picture of its operation. In that period it disposed of 1,954 cases, of which 728 were settled and 1,096 tried. In the same period there were 76 demands for trial de novo, equal to only 6.9% of the cases tried. Of the total cases received, 609 were stipulated into the system from Supreme, County and City Courts and 2,173 cases were assigned for compulsory arbitration.
From the Supreme Court there were assigned 761 cases to City Court pursuant to CPLR 325 (subd. [d]) and 51 cases were assigned from County Court, a monthly average from Supreme Court of 63.4 cases and a monthly average from County Court of 4.2 cases. Of the cases transferred to City Court during the same period, 86.6 % were stipulated into arbitration.
The tremendously worthwhile effect of the program is reflected in a few more statistics. On July 1, 1971, there were 78 civil cases pending upon the County Court trial calendar; on July 1, 1972 there were 35. The average time for a case to be reached for trial was reduced in half, from 180 days to 90 day$. In Supreme Court on July 1,1971 there were 4,103 civil cases pending; on July 1,1972 there were only 2,942, and the average time for a case to be reached for trial had been reduced from 1 year to 9 months.
It is further noteworthy that at the commencement of the Compulsory Arbitration Program in September, 1970, Rochester City Court had upwards of 1,500 civil cases on its pending calendar. As of September 1,1972, there were only 220 civil cases pending.
These figures, without embellishment, demonstrate the impact the arbitration program has had upon the civil case load in all of the courts in Monroe County. One reason the program has worked so well is that both litigants and lawyers are assured of a trial de novo, with or without a jury, if they are unhappy with the arbitration results.
The older rule governing a request for a trial de novo required an affidavit setting forth ‘‘ substantial grounds ’ ’ for the demand (rule 3496.11, eff. Sept. 1, 1970). The new rule (28.12, eff. May 17, 1971) requires only that the affidavit set forth “ grounds ” for the demand. It would seem that the Administrative Board wanted a litigant' desiring a trial de novo to file an affidavit setting forth a brief reason therefor, no more. Apparently the purpose of the affidavit was to act as a mere procedural device for getting the case onto the City Court calendar for a new trial.
*467 In his affidavit for a trial de novo the defendant alleges that there is a question of fact to be resolved by a jury; that there is no contract or other writing and no question of law; that the action is based upon an alleged oral agreement in which plaintiff claims defendant agreed to purchase certain property and that defendant denies such agreement. This would appear to be adequate to meet the basic requirements of rule 28.12.
Actually, it is doubtful that a litigant forced to go to arbitration may be deprived of a jury trial and, for the arbitration rules to remain effective, therefore, it was necessary for them to provide a simple mechanism whereby a disappointed litigant would have his jury trial if he wished one. Here, as in most law cases, the right to a jury trial is protected constitutionally and provided for procedurally.
Procedurally, CPLR 4104 (subd. 1) provides that the issues of fact in an action in which a party demands and sets forth facts permitting judgment for a sum of money only are triable by a jury. CPLR 4102 (subd. [a]) permits “any party” to demand trial by jury ‘ of any issue of fact triable of right by a jury ” and ordinarily a party does this by filing and serving a note of issue with a demand for jury trial. If the party filing the note of issue does not include a demand for a jury trial, the other party may do so within 15 days. In fact, one party may not deprive another party of the right to a jury trial by withdrawing his demand; consent of both parties must be obtained.
In addition, the right to a jury trial in other than equity cases has always been constitutionally protected in New York. The first New York Constitution adopted in 1777 provided (art. XLI): “ Trial by jury, in all cases in which it hath heretofore been used in the colony of New York, shall be established, and remain inviolate forever.”
This language was substantially carried over into the Constitutions of 1821, 1846 and 1894. A new Constitution was adopted in 1938 and the right to a jury trial is now preserved in section 2 of article I as f ollows: “ Trial by jury in all cases in which it has heretofore been guaranteed by constitutional provision shall remain inviolate forever; but a jury trial may be waived by the parties in all civil cases in the manner to be prescribed by law.” ,
Thus, the right to a jury trial is constitutionally guaranteed in actions in which trial by jury was had as a matter of right when the first Constitution was adopted in 1777 and in those actions also in which the right to a jury trial was created by legislation between 1777 and the adoption of the 1894 Constitution.
*468 No doubt, in recognition of this, the enabling legislation creating the compulsory arbitration program provided: “ Such rules must permit a jury trial de novo upon demand by any party following the determination of the arbitrators ” (Judiciary Law, § 213, subd. 8). No particular form of demand is required.
Since the arbitration program, by making arbitration compulsory, initially deprives the parties of their right to a jury trial, the procedure for obtaining a trial de novo should not be interpreted too narrowly. In light of the Constitution of New York, CPLB 4101 and 4102, section 213 of the Judiciary Law, and the very minimal requirements of rule 28.12, it would seem that the simple affidavit required is not an application addressed to the discretion of the de novo court, but is rather in the nature of a note of issue, a procedural mechanism only.
Order and judgment reversed.
Application for trial de novo reinstated.