Arthur W. Lonschein, J.
On •September 10,1973, the plaintiff filed a notice of trial in which it asked that the issues be tried without a jury. Thereafter, the defendant filed a demand that a jury decide the issues. The cause is presently ready for trial.
The defendant now moves to waive the jury heretofore demanded by her and seeks to have the court try the issues. *795 Plaintiff objects to such waiver at this time and cites CPLR 4102 (subd. [c]) that such a waiver “does not withdraw a demand for trial by jury without the consent of the other parties ” and absent its consent, such a waiver cannot be effectuated.
The court in Downing v. Downing (32 A D 2d 350 [1st Dept.]) had occasion to interpret the aforesaid language of1 CPLR 4102 (subd. [c]) with respect to the waiver of a jury trial after it had been demanded by one of the parties. The court held (p. 351) that “ The sentence is meant to protect the party who in reliance on his opponent’s demand for a jury trial properly fails to make demand in his own note of issue.” Such was not the situation in Downing v. Downing nor is it the situation in the case at bar. In both cases, the party objecting to the waiver was the party who first had the option of demanding the jury and in both cases failed to make such demand. The court in Downing properly asks the question (p. 351): “ Why should he be in a position to object if his opponent’s subsequent waiver accords with his own expressed desire and could have been accomplished by an original failure to demand? ”
Section 1303 of the New York City Civil Court Act provides specific time limitations for either party to demand a trial by jury. Subdivision (a) thereof states that the demand must be made in writing and must be filed with the clerk with a notice of trial. Subdivision (b) provides that unless a demand is made and a jury fee paid, a jury trial is waived. Under certain circumstances, the court can permit a party to file a jury demand mmc pro tunc upon a proper showing (Litoff v. Rutel, 25 A D 2d 551); however, no such showing is made here.
The majority in Downing v. Downing criticized the rationale of the dissent therein in its expression that a party who is permitted to demand and waive a jury trial under the circumstances of the case at bar may do so for the purposes of delay. No party could use such a stratagem in this court. The trial calendar of this court, which is the largest court in the world in terms of volume of cases, is completely up to date, and any party who so chooses, can receive an immediate trial, jury or nonjury.
The motion by defendant to waive a trial by jury is granted.