HOWARD J. O'BRIEN, JR., as Executor of HOWARD J. O'BRIEN,

Deceased, et al., Respondents, v CITY OF SYRACUSE et al., Appellants.— Orders unanimously reversed, without costs, motion granted and complaint dismissed. Memorandum: In 1975, alleging a *de facto* taking of his real property, respondent brought an action seeking condemnation damages in the amount of one million dollars. At the close of respondent's case the Trial Judge granted a motion to dismiss the complaint for failure to state a cause of action. This judgment was affirmed on appeal *(Matter of O'Brien v City of Syracuse,* 54 AD2d 186, mot for lv app den 40 NY2d 809, mot to dismiss app on constitutional grounds granted 41 NY2d 1008, cert den 434 US 807). On June 1, 1977 appellant took title to the subject property by issuing to itself a tax deed. Thereafter respondent reinstituted legal action against appellant by asserting a cause of action based in trespass. This appeal arises from the denial of appellant's motion to dismiss the complaint on the ground that the cause of action is barred by the doctrine of *res judicata. Res judicata* is a doctrine that expresses a policy that once a matter is decided it may not be relitigated. It requires an identity of parties, a common "cause of action" and a final determination in the prior action. These requirements fulfilled, the doctrine forecloses, at least in this State, "not only those matters which were actually put in issue in the prior action, but also those which might have been" (Siegel, New York Practice, § 447, pp 591-592; *McLearn v Cowen & Co.,* 48 NY2d 696; see *Winters v Lavine,* 574 F2d 46, 55-56; and see *Chisholm-Ryder Co. v Sommer & Sommer,* 78 AD2d 143). Since respondent's present claim arises out of the same series of events as his *de facto* condemnation claim, the present claim is barred by *res judicata* and the complaint must be dismissed. Allowing respondent to proceed with his trespass claim grants him a second opportunity to litigate the same claim against the city which he previously litigated. "This is precisely the type of repetitive litigation the doctrine of claim preclusion is designed to avoid" *(Matter of Reilly v Reid,* 45 NY2d 24, 31). Contrary to respondent's assertion, the trespass claim could have been litigated in the prior action. In fact, the gravamen of a *de facto* condemnation action is a trespassory intrusion of such an extent as to amount to an exercise of dominion and control (see *Matter of O'Brien v City of Syracuse, supra,* pp 188-189). Even were the two causes of action to be considered inconsistent, the CPLR specifically authorizes separate causes of action to be stated "regardless of consistency" (CPLR 3014). (Appeal from orders of Onondaga Supreme Court—dismiss complaint.) Present—Dillon, P. J., Cardamone, Simons, Doerr and Witmer, JJ.