■ In the Matter of NURO TRANSPORTATION, Appellant, v JUDGES OF THE CIVIL COURT OF THE CITY OF NEW YORK FOR THE COUNTY OF QUEENS et al., Respondents. — In a proceeding pursuant to CPLR article 78 to compel the respondent clerk to enter judgment in favor of petitioner in a pending action in

the Civil Court of the City of New York, and to prohibit the clerk and respondent Judges of said court from entertaining a demand by the respondent Marlow for a jury trial *de novo* in said Civil Court action, petitioner appeals from a judgment of the Supreme Court, Queens County (Dunkin, J.), dated November 27, 1981, which, upon treating the proceeding as an action for a judgment declaring 22 NYCRR 28.12 to be unconstitutional, *inter alia,* dismissed the petition and declared said rule to be constitutional. Judgment affirmed, without costs or disbursements. In March, 1978 petitioner's vehicle was damaged in an accident with a vehicle owned by respondent Carl Marlow. Petitioner commenced an action against Marlow in the Civil Court of the City of New York, Queens County. A notice of compulsory arbitration was served on petitioner and Marlow pursuant to 22 NYCRR part 28, entitled "ALTERNATIVE METHOD OF DISPUTE RESOLUTION BY ARBITRATION". The matter proceeded to arbitration in May, 1981. On June 22, 1981 an arbitration award was filed in petitioner's favor in the sum of $1,218.83. On or about June 23, 1981 counsel for Marlow served petitioner's counsel with a demand for a trial *de novo* and a jury demand pursuant to 22 NYCRR 28.12. As a result of the trial *de novo* demand the respondent clerk of the Civil Court refused to enter judgment on the arbitration award. Petitioner commenced this proceeding to compel the clerk to enter judgment in its favor on the award and to prohibit the clerk and the respondent Judges of the Civil Court from entertaining Marlow's demand for a trial *de novo,* without prejudice to a motion by Marlow to move to vacate the award pursuant to CPLR 7511 and 22 NYCRR 28.13. The trial court treated the proceeding as an action for a judgment declaring 22 NYCRR 28.12 to be unconstitutional and thereupon, *inter alia,* dismissed the petition and declared said rule to be constitutional. We affirm. The rule in question was promulgated pursuant to CPLR 3405 which outlines the framework for the disposition of civil suits by arbitration. "There is a simple, but well-founded, presumption that an act of the Legislature is constitutional and this presumption can be upset only by proof persuasive beyond a reasonable doubt (*Montgomery v Daniels,* 38 NY2d 41; *Matter of Malpica-Orsini,* [36 NY2d 568], at p 570)" (*Hotel Dorset Co. v Trust for Cultural Resources of City of N. Y.,* 46 NY2d 358, 370). Petitioner has failed to meet this burden. Petitioner contends that the provision for a trial *de novo* after the completion of arbitration renders the arbitration award an advisory opinion. Since the arbitration panel acts as an adjunct of the court, and it is unconstitutional for a court to render advisory opinions, petitioner argues that the statute and rule, which permit the arbitration awards in question, are also unconstitutional. However, the prohibition against advisory opinions is to prevent the judicial determination of unripe claims in which a current controversy does not exist (see *New York Public Interest Research Group v Carey,* 42 NY2d 527). The arbitration award in the present case addressed an existing claim. The parties sought specific relief and litigated the matter which arose from a real controversy involving an accident between two vehicles. If neither party had moved to vacate the award or moved for a trial *de novo,* the award would have been entered as a judgment by the court (*Zampella v Plaza at Latham Assn.,* 67 AD2d 1032; 22 NYCRR 28.11). Upon entry, the judgment would have had full *res judicata* effect (see *Rochester Coca-Cola Bottling Corp. v Rios,* 68 Misc 2d 520). The operation of the arbitration system, therefore, has an immediate and real effect upon the parties. Hence, the system does not promote the rendering of advisory opinions (cf. *New York Public Interest Research Group v Carey,* 42 NY2d 527, *supra*). Furthermore, the prohibition relied upon by petitioner is only against *judicial* advisory opinions. The arbitrator's award in question was the product of a panel of lawyers. Therefore, even if we were to conclude that such arbitrator's

awards are advisory, the procedure would still be proper. The arbitrators are not permitted to finalize the judgment; that is left to the courts (see 22 NYCRR 28.11 [b]). Such a two-tier system of determining matters is well established (see, e.g., CPLR 4211, 4212). In these types of proceedings it is not the court that issues the advisory opinion but rather the arbitrators who render such decisions to be passed upon by the court. Hence the statutory and regulatory scheme in question is not in contravention of the rule against the issuance of advisory opinions by the courts of this State. In fact, if the compulsory arbitration system had been enacted without the provision for a trial *de novo* it would have been an unconstitutional elimination of a litigant's right to a jury trial (see, e.g., *Glass v Thompson,* 51 AD2d 69, 76; *Bayer v Ras,* 71 Misc 2d 464; Rosenberg and Schubin, Trial by Lawyer: Compulsory Arbitration of Small Claims in Pennsylvania, 74 Harv L Rev 448, 452-453, n 28). In the case of *Application of Smith* (381 Pa 223, app dsmd *sub nom. Smith v Wissler,* 350 US 858) the Pennsylvania compulsory arbitration statute was upheld because the trial *de novo* provisions preserved the right to a jury trial (Pennsylvania was the first State to employ a compulsory arbitration system. New York's system is based on the Pennsylvania scheme. See Evans and Bulman, Alternate Dispute Resolution Method Holds Out Promise of Great Utility, NYLJ, Jan. 24, 1980, p 25, col 2). In addition it should be noted that the compulsory arbitration system is clearly accomplishing its rational purpose of reducing court congestion, reducing costs, and speeding up the disposition of cases (see Arbitration of Civil Cases in State Called Success, NYLJ, March 16, 1983, p 1, col 1; McKinney's Session Laws of NY, 1977, Memorandum of Office of Ct Admin in support of L 1977, ch 165, p 2611). In light of the foregoing, petitioner has clearly failed to meet the burden necessary to rebut the presumption that CPLR 3405 and 22 NYCRR 28.12 are constitutional. Mangano, J. P., Bracken, Brown and Boyers, JJ., concur.