OPINION OF THE COURT
David B. Saxe, J.
In a Civil Court action that is subject to mandatory arbitration, must a party, in order to preserve his right to a jury trial, submit a jury demand at or within 10 days of the time the notice of trial is served, or can he wait until the time of service of the demand for a trial de novo (or within 10 days thereafter)?
The plaintiff, Con Edison, commenced this action to recover gas and electric charges from the defendant. Thereafter, a notice of trial pursuant to CCA 1301 was served by the plaintiff. Neither side filed a demand for a trial by jury at that time. (CCA 1301.)
In a lawsuit, where the damages claimed are less than $6,000, the action must, in the first instance, proceed to compulsory arbitration. (22 NYCRR 28.2.) At the conclusion of the arbitration, if either party is dissatisfied with the result, he may file a demand for a trial de novo. (22 NYCRR 28.12.)
Since the damages sought in this action were less than $6,000, the case was scheduled for compulsory arbitration. *828 The arbitrators dismissed the complaint at the conclusion of the plaintiff’s case for failure to make out a prima facie case. The plaintiff then served a demand for a trial de novo. (22 NYCRR 28.12.) In the demand for a trial de novo, the plaintiff did not request a jury trial. Within 10 days after this demand, however, the defendant served a demand for a trial by jury. The plaintiff rejected the jury demand and has formally moved to strike the jury demand.
CCA 1303 (subd [a]) provides that a jury demand must be in writing and must be filed at the time of filing the notice of trial or within 10 days thereafter. Subdivision (b) provides that failure to demand a jury as provided for in CCA 1303 (subd [a]) constitutes a waiver of one’s right to trial by jury. Subdivision (c), in essence, establishes the court’s power to grant an application to file a jury demand nunc pro tunc by providing “(c) The Court may relieve a party from the effect of failing to comply with this section if no undue prejudice to the rights of another party would result.”
It is the plaintiff’s position that the defendant, by failing to file a jury demand within 10 days of the filing of the notice of trial has waived its right to a trial by jury under CCA 1303 (subd [b]). The defendant disagrees and asserts a right to file a jury demand at the time of (or within 10 days after) service of the demand for a trial de novo.
Defendant argues that since the matter had to be submitted, in the first instance, to arbitration (22 NYCRR 28.2) service of a jury demand at the time of the notice of trial when there might never be a trial would involve a meaningless exercise. The defendant further points to 22 NYCRR 28.12 which states that: “28.12 Trial de novo, (a) Demand may be made by any party not in default for a trial de novo in the court where the action was commenced * * * with or without a jury.”
The defendant construes this regulation to mean that it has the right to serve a jury demand at the time (or within a reasonable time) after service of a demand for a de novo trial. The plaintiff contends that 22 NYCRR 28.12 extends no such right. It argues that the use of the term “demand” in 22 NYCRR 28.12 relates only to the de novo trial and does not grant to the parties the right to determine, at this *829 late stage, whether or not that trial shall be heard by a jury. Thus, 22 NYCRR 28.12 furnishes only a right to demand a de novo trial. Whether a trial is to be a jury trial, the plaintiff submits, is to be determined solely from whether or not the party complied with CCA 1303, which as stated above, requires the filing of a jury demand at the time the notice of trial is filed.
I am persuaded by plaintiff’s analysis of the relevant statutory enactments and therefore conclude that neither 22 NYCRR 28.12 nor CCA 1303 (subd [a]) furnishes a party with an automatic right to file a jury demand at the time the demand for a trial de novo is made.
Thus, the motion is deemed one under CCA 1303 (subd [c]) for leave to file a jury demand nunc pro tunc. (See, generally, Jefferson Pulp & Paper v Arrington, 76 Misc 2d 794; Litoff v Rutel, 25 AD2d 551.)
The plaintiff will not suffer any undue prejudice if I permit defendant to file its jury demand nunc pro tunc. Nor is there any prejudice that I can envision any party ever suffering subsequent to mandatory arbitration where the jury demand is interposed at the same time (or within a reasonable time thereafter) as the demand for the trial de novo.
The right to a jury trial has always been considered fundamental and not one that can easily be displaced. (Duncan v Louisiana, 391 US 145.) Moreover, a trial de novo subsequent to mandatory arbitration is substantially similar in theory to the holding of a new trial. It has been held that a party has a right to demand a jury trial following the granting of a new trial even where a jury was never demanded for the original trial. (Asbestolith Mfg. Co. v Howland, 143 App Div 418.) I am convinced that the same principles should be determinative on this motion.
Motion to strike jury demand denied.