OPINION OF THE COURT
John R. Schwartz, J.
This court is called upon to decide whether 22 NYCRR 28.12 (a), which governs the time to make a demand for a trial de nova pursuant to a plan of compulsory arbitration of civil cases in effect in this court since September, 1970, violates the “due process” clause of the United States and New York State Constitutions (US Const, 5th Arndt; NY Const, art I, § 6). The constitutional defect claimed is that 22 NYCRR 28.12 (a) does not provide for “service” and “notice of entry” of the arbitrator’s award before the 30 days in which to make a demand for a trial de nova begins to run and, therefore, the rule violates “due process”.
22 NYCRR 28.11 (a) provides: “The award shall be signed by the panel of arbitrators or at least a majority of them. The *455 chairperson shall file a report and the award with the commissioner within 20 days after the hearing, and mail or deliver copies thereof to the parties or their counsel. The commissioner shall mark his files accordingly, file the original with the clerk of the court where the action was commenced or, if the action was transferred, the court to which it was transferred, and notify the parties of such filing.”
As a practical matter, so much of the rule as requires the chairperson of the arbitration panel to mail or deliver copies of the arbitration award to the parties is not followed by the Arbitration Commission of the Seventh Judicial District (now called alternative method of dispute resolution by arbitration). Instead, the arbitration commissioner mails the award to the parties at the same time he notifies the parties of its filing as provided for in,that rule.
The sound reasoning behind this policy is that many times in the past the chairperson of the arbitration panel would forget to mail or deliver copies of the award to the parties. To avoid this, the commissioner in the Seventh Judicial District has assumed the responsibility of mailing the awards to the parties. In this court’s opinion, the commissioner has made a very sound decision in assuming this responsibility.
22 NYCRR 28.12 (a) provides: “Demand may be made by any party not in default for a trial de nova in the court where the action was commenced or, if the action was transferred, the court to which it was transferred, with or without a jury. Any party who is not in default, within 30 days after the award is filed with the appropriate court clerk, may file with the clerk of the court where the award was filed and serve upon all adverse parties a demand for a trial de nova.”
The plain meaning of both rules taken together require the arbitration commissioner to file the award and notify the parties of the filing. A demand for a trial de nova must be made within 30 days of the filing.
Obviously, the time between the commissioner’s mailing of the notice of filing and the award and the parties receiving the notice of filing and award consumes some of the 30 days a party has to file its demand for a trial de nova. Conceivably, through inadvertence or otherwise, if the commissioner mails out the notice of filing and the award more than 30 days after the commissioner files the award, then a party would be completely precluded from demanding a trial de nova without ever having timely notice of the filing of the award and an opportunity to exercise its constitutional right to a jury trial in a civil case (NY *456 Const, art I, § 2; see, also, Matter of Nuro Transp. v Judges of Civ. Ct., 95 AD2d 779, 781; Glass v Thompson, 51 AD2d 69, 76; Bayer v Ras, 71 Misc 2d 464). Such a harsh result could not have been intended by the drafters of the rules, nor can such a result be tolerated by a court. However, delays caused by mail or through inadvertence can cause such a result, especially in view of the holding in Chase v Scalici (97 AD2d 25), where the court held that the 30-day period for demanding a trial de nova may not be extended as a matter of judicial discretion.
In contrast to the rules of compulsory arbitration, CPLR 5513, which governs the time within which to appeal to the Appellate Division or the Court of Appeals, permits an appeal to be taken “within [30] days after service upon the appellant of a copy of the judgment or order appealed from and written notice of its entry” (CPLR 5513, subd [a]; emphasis added). Furthermore, when a copy of the judgment or order and notice of its entry are served by mail, the appellant has an additional five days to appeal (CPLR 2103, subd [b], par 2; subd [c]; see, also, Messner v Messner, 42 AD2d 889).
This court recognizes that “the right of appeal is not essential to due process, provided that due process has already been accorded in the tribunal of the first instance”. (Ohio v Akron Park Dist., 281 US 74, 80; see, also, National Union v Arnold, 348 US 37; Matter of Mitchell, 40 NY2d 153.) However, “[o]nce a state provides an appellate process, it may not arbitrarily deny an appeal to a select class of litigants”. (Mildner v Gullota, 405 F Supp 182, 225.)
Here, however, the very constitutionality of the arbitration programs depends on the right of a party to make a demand for a trial de nova. “In fact, if the compulsory arbitration system had been enacted without the provision for a trial de nova it would have been an unconstitutional elimination of a litigant’s right to a jury trial” (Matter of Nuro Transp. v Judges of Civ. Ct., 95 AD2d 779, 781, supra; see, also, Glass v Thompson, 51 AD2d 69, 76, supra; Bayer v Ras, 71 Misc 2d 464, supra).
In the case Matter of Smith (381 Pa 223, opp dsmd sub nom. Smith v Wissler, 350 US 858), the Pennsylvania compulsory arbitration statute was upheld because the trial de nova provisions preserved the right to a jury trial. (Pennsylvania was the first State to employ a compulsory arbitration system. The New York State arbitration program is modeled from the Pennsylvania system.)
Since the constitutional right to a jury trial (NY Const, art I, § 2) is preserved through the availability of a trial de nova, a *457 party’s time to file a demand for a trial de nova must be afforded “due process” — “An orderly proceeding wherein a person is served with notice * * * and has an opportunity to be heard and to enforce and protect his rights before a court having power to hear and determine the case.” (Black’s Law Dictionary [5th ed], p 449.)
Therefore, this court finds 22 NYCRR 28.12 (a) constitutionally defective insofar as it does not provide that the 30 days within which to demand a trial de nova do not begin to run until the parties are served with a copy of the award with notice of its filing. Consequently, this court declines to follow that rule until such time as the necessary amendment is made. Until the rule is amended, this court will, by analogy, apply the rules governing the time to take an appeal (CPLR 5513, subd [a]; 2103, subds [b], [c]).
In the instant case, the arbitrator filed his decision with the arbitration commissioner on August 20,1984. On the same day, according to the affidavit submitted by the secretary to the arbitration commissioner, she filed the arbitrator’s decision with the clerk of the Rochester City Court and mailed the notice of filing card along with the arbitrator’s award to both parties. The defendant’s attorney, the demandant for a trial de nova, attested that he did not receive the award and notice of filing until August 27,1984. The defendant filed its demand for a trial de nova on September 25, 1984.
Since the copy of the award and the notice of filing were mailed to defendant’s attorney, five days must be added to the period prescribed for the mailing of the demand for a trial de nova (CPLR 2103, subd [b], par 2; Messner v Messner, supra). Furthermore, the day on which the award and notice of filing were mailed must be excluded (General Construction Law, § 20).
Consequently, excluding the day of mailing, August 20, 1984, adding thereto 5 days plus the 30 days within which to file a demand for a trial de nova, defendant, to be timely, had to file the demand no later than September 24, 1984. Defendant herein, then, was one day late.
Although defendant’s demand was late by only one day, the court has no discretion to extend the demand period in the interest of justice (Chase v Scalici, 97 AD2d 25, supra).
For the reasons stated herein, plaintiff’s motion to vacate or strike defendant’s demand for a trial de nova is granted, and said demand is hereby stricken and vacated. The plaintiff may enter judgment based on the arbitrator’s award (22 NYCRR 28.11 [b]).