OPINION OF THE COURT
Richard D. Rosenbloom, J.
The issue presented in this application is whether or not a *69 party who failed to demand a trial by jury is nevertheless entitled to a trial de nova by jury following submission of the case to arbitration.
On December 29, 1988, plaintiff filed a note of issue without demanding a trial by jury. On January 3, 1989, this action was referred to the arbitration program of the City Court of Rochester. Neither defendant demanded a trial by jury within the 15-day period allowed by CPLR 4102 (a). On June 20, 1989, an arbitration award in favor of plaintiff was forwarded to the Clerk of the Court. On July 20, 1989, defendant Buhite demanded a trial de nova with a jury.
Plaintiff contends that defendant Buhite waived his right to a jury trial by reason of the clear language of CPLR 4102 (a). Defendant Buhite maintains that he was precluded from asking for a jury trial once the case was referred to arbitration and that his right was thereafter suspended until the arbitration procedure was completed.
CPLR 4102 (a) provides that "Any party served with a note of issue not containing such a demand may demand a trial by jury by serving upon each party a demand for a trial by jury and filing such demand in the office where the note of issue was filed within fifteen days after service of the note of issue.” It also provides that "If no party shall demand a trial by jury as provided herein, the right to trial by jury shall be deemed waived by all parties.”
CPLR 3405 authorizes the Chief Judge of the Court of Appeals to promulgate rules of arbitration. It provides that "Such rules must permit a jury trial de nova upon demand by any party following the determination of the arbitrators”. 22 NYCRR 28.12 (a) provides that "Demand may be made by any party not in default for a trial de nova in the court where the action was commenced or, if the action was transferred, the court to which it was transferred, with or without a jury.”
Statutes should be construed to be in harmony whenever possible. When the Legislature enacted CPLR 3405 in 1978, it must be presumed to have been aware of CPLR 4102 (a) which had been in effect since 1963. In view of the constitutional foundation of the right to trial by jury, the Legislature apparently intended to confer the right to a jury trial following arbitration to any party. This court concludes that this latest expression of the legislative will entitles any party to a trial *70 by jury following arbitration, including one who may have earlier failed to exercise that right.
For the foregoing reasons and in the exercise of the discretion allowed by CPLR 4102 (e), defendant Buhite is entitled to a trial de nova by jury.