OPINION OF THE COURT
James B. Reap, J.
Defendant moves for an order directing our clerk to accept *838 his demand for a jury trial or in the alternative granting leave to file a jury demand nunc pro tune.
I. Background
A. Plaintiff seeks to recover $3,571.50 in legal fees for services rendered and defendant counterclaims for $30,000 in malpractice. The case began in Supreme Court, Westchester County, with pleadings filed on November 9, 1988. By order dated March 28, 1989, the Supreme Court transferred the case to this court.
B. Plaintiff filed a note of issue in the City Court of White Plains on May 5, 1989. This document also contains a notice for trial and a certificate of readiness in accordance with the Uniform Rules for Trial Courts (22 NYCRR 210.17). Neither plaintiff nor defendant demanded a trial by jury after the case was noticed for trial.
C. Since the action brought by plaintiff was for $6,000 or less, the case was promptly referred by us to mandatory arbitration pursuant to 22 NYCRR part 28 on May 10, 1989. The arbitrator rendered his decision and made an award on October 5, 1989. The parties were notified of that determination by mail on October 10, 1989.
D. On or about November 14, 1989 defendant demanded a trial de nova pursuant to 22 NYCRR 28.12 and for the first time he also demanded a trial by jury. This jury demand came six months and nine days after the notice of trial was filed with the note of issue on May 5,1989.
II. Issue Presented
The issue is whether parties who have not timely exercised their right to demand a trial by jury within the statutory limits of UCCA 1303 (a) may nevertheless make a demand for a jury as of right after the arbitrator’s award has been rendered in conjunction with a demand for a trial de nova as permitted by section 28.12 of the arbitration rules (22 NYCRR part 28). We hold they cannot do so.
22 NYCRR 28.12 reads in pertinent part as follows: "28.12 Trial de nova, (a) Demand may be made by any party not in default for a trial de nova in the court where the action was commenced or, if the action was transferred, the court to which it was transferred, with or without a jury. ” (Emphasis supplied.)
The defendant argues the italicized language of the rule creates a new right to demand a trial by jury. We do not agree.
*839 III. Reasoning
A. The right to a jury trial is to be determined solely on the basis of whether or not a party complied with UCCA 1303 (a). That statute requires the plaintiff to supply a written jury demand and file it with the court clerk together with the notice of trial. Where, as here, plaintiff did not so demand a jury trial, then the defendant must do so within 10 days after service of a copy of the notice of trial. In this case defendant was served by mail on April 25, 1989. It has been noted that defendant’s demand comes more than six months both after service and the date the notice of trial was filed in court.
B. When the UCCA, Uniform Rules for Trial Courts and 22 NYCRR part 28 are read together, it is clear that whether a trial is to be by jury is determined solely on the basis of whether or not a party complied with the 10-day rule under UCCA 1303 (a). We note that UCCA 2102 provides that the CPLR applies in City Court when not in conflict with the Uniform City Court Act. CPLR 4102 (a) provides defendant with the right to demand a trial by jury within 15 days after service upon him of a note of issue and so does conflict with the Uniform City Court Act. Although it is academic in the case at bar, we think it important for the future guidance of members of the Bar practicing in City Court to note that the 10-day rule of UCCA 1303 (a) supersedes the 15-day rule of CPLR 4102 (a). There is a good legislative reason for UCCA 2102 providing for UCCA preemption in the event of conflict with the CPLR. That is because the City Courts are the very busiest all-purpose trial, arraignment, and felony hearing forums in the State and the parties would have to wait months here for a civil jury trial.
C. UCCA 1303 (b) states that unless the demand is timely made, the jury trial is waived. In this case, both parties clearly waived a trial by jury. UCCA 1303 (c) permits the court to relieve a party from the effect of failure to comply with UCCA 1303 (a) and (b) if no undue prejudice would result. We decline to exercise our discretion to relieve defendant from the consequences of waiver under the facts of this case, not only because of his grossly undue delays in making the statutory jury demand but because this action is one wherein plaintiff seeks to recover legal fees for services allegedly properly rendered and defendant counterclaims for legal malpractice. These issues are particularly suited for trial by Judge only. (Compare, Consolidated Edison Co. v 1297 Realty Corp., 123 Misc 2d 827 [Civ Ct 1984].)
*840 IV. Conclusion
A. We conclude that neither 22 NYCRR 28.12 nor UCCA 1303 (a) furnishes a party with a newly revived automatic right to demand a jury at the time a demand for a trial de nova is made following a determination in arbitration. The underlined words set forth in 22 NYCRR 28.12 at paragraph III above, viz., "with or without a jury” simply mean that where there was compliance with UCCA 1303 (a) and a proper demand for a jury was timely made in the first instance, then the right to a jury trial carries over to the trial de nova. However, where there was no such proper and timely demand, the trial is without jury. This follows because to hold otherwise would be to allow a rule to swallow a statute and because neither the UCCA nor the rule supply a right to trial by jury. They merely provide the mechanisms and procedures for implementing a jury trial where there is otherwise a right to trial by jury. Whether there is such a right depends upon the State Constitution, CPLR 4101, and statutes that may supply the right to trial by jury in a given case.
V. [Omitted for purposes of publication.]
VI. Action
The clerk of the court was correct in refusing to accept the defendant’s belated demand for a trial by jury in this case and in returning his check tendered in payment of the fee. Accordingly, the motions are denied. The case remains on the calendar for a trial at 1:45 p.m. sharp on Friday, March 2, 1990.