OPINION OF THE COURT
William Ritholtz, J.
Third-party defendant New York City Department of Social Services moves to dismiss the third-party plaintiffs’ complaint against it. This court denied third-party defendant’s prior motion to dismiss on March 22, 1988. Subsequently, the matter was submitted to arbitration. The arbitrator issued a judgment for plaintiff in the amount of $1,652 plus interest *499 and dismissed the complaint against the third-party defendant. A demand for a trial de novo was then filed by third-party plaintiffs.
The question before this court is whether its denial of third-party defendant’s prior motion to dismiss should be given res judicata effect.
Third-party defendant contends this court’s prior order of March 22, 1988 should not be given res judicata effect on this motion because "a de novo trial implies de novo motions.”
We disagree.
22 NYCRR 28.2 provides that all civil actions for a sum of money only, except those commenced in small claims, where the recovery sought for each cause of action is $6,000 or less shall be heard by a panel of arbitrators. The arbitration procedure is mandatory with an opportunity to the party losing in arbitration to demand a trial de novo. (National Instrument Co. v Hortigro, Inc., 121 Misc 2d 1077 [Dist Ct, Nassau County 1983]; Matter of Nuro Transp. v Judges of Civ. Ct. of City of N. Y. for County of Queens, 95 AD2d 779 [2d Dept 1983].)
Professor David Siegel in the Practice Commentaries to CPLR 3405 in McKinney’s Consolidated Laws of New York (Book 7B, 1990 Supp Pamph, at 74) notes that CPLR 3405 omits the label of compulsory arbitration because "[i]f the Legislature had made it compulsory in the sense that the parties were to be bound by the arbitration award whether they liked it or not, the procedure would be unconstitutional as a divestiture of the right to trial by jury as it exists in money actions.”
The very constitutionality of the arbitration programs depends on the right of a party to make a demand for a trial de novo. (Perry v AAMCO Transmissions, 126 Misc 2d 454 [City Ct, Monroe County 1984].) It would have been an unconstitutional elimination of a litigant’s right to a jury trial if the compulsory arbitration system had been enacted without the provision for a trial de novo. (Matter of Nuro Transp. v Judges of Civ. Ct. of City of N. Y. for County of Queens, supra, at 781; Glass v Thompson, 51 AD2d 69, 76 [2d Dept 1976]; Bayer v Ras, 71 Misc 2d 464 [Monroe County 1972].)
The legislative history of the arbitration rules shows an unmistakable intent to liberally construe the procedure for trial de novo. (Valot v Allcity Ins. Co., 131 Misc 2d 814, 815 [Civ Ct, Kings County 1986].) The rationale is that the arbitra *500 tion program, by making arbitration compulsory, initially deprives the parties of their right to a jury trial. (Bayer v Ras, supra, at 468.) Under the older rule, a demand for a trial de novo required an affidavit setting forth "substantial grounds” for such demand. The present rule requires merely that the affidavit set forth "grounds” for the demand (Bayer v Ras, supra, at 466).
The trial de novo application is not addressed to the discretion of the court; it is a procedural mechanism only, the equivalent of a note of issue, a means of assuring the constitutionally guaranteed right to a trial by jury (or Judge). (Statom v Lumbermens Mut. Cas. Co., 106 Misc 2d 442 [App Term, 1st Dept 1980]; Bayer v Ras, supra.)
22 NYCRR 28.12 (a) provides that any party not in default may demand a trial de novo within 30 days after the arbitrator’s award is filed.
Once the trial de novo is filed, it places upon the Trial Calendar all claims interposed in the lawsuit including any third-party actions, cross claims and counterclaims for trial. (Statom v Lumbermens Mut. Cas. Co., supra; Bridges v City of Troy, 112 Misc 2d 384 [Sup Ct, Rensselaer County 1982]; Allison v State Painting & Decorating Co., 141 Misc 2d 797 [Civ Ct, NY County 1988].)
A trial de novo means exactly what the words denote which is a new trial of all of the causes of action which were tried before the arbitrator. Once a party has timely filed a notice for a trial de novo, the entire award of the arbitrator is vacated and all causes of action between the parties are restored to the calendar for trial. (Allison v State Painting & Decorating Co., supra; Bridges v City of Troy, supra; Flum v Goldman Band Concerts, 128 Misc 2d 42 [Civ Ct, NY County 1985].)
In the instant matter, the demand for a trial de novo by third-party plaintiffs vacates the arbitrator’s award and third-party plaintiffs are entitled to their right to a trial. (NY Const, art I, § 2.)
A trial de novo, however, does not imply de novo motions. Third-party defendant’s present motion is the same as his earlier motion even though it is couched under the heading of a "de novo” motion. The demand for a trial de novo does not erase the pretrial order of this court. Third-party defendant was afforded the full constitutional protections of a right to a trial when this court denied his first motion to dismiss. The *501 question before us is whether third-party defendant is barred from relitigating the same issues which were raised in its earlier motion. May third-party defendant bring on the same motion twice?
Res judicata is a doctrine that expresses a policy that once a matter is decided, it may not be relitigated. (O’Brien v City of Syracuse, 79 AD2d 874 [4th Dept 1980], affd 54 NY2d 353; McLearn v Cowen & Co., 48 NY2d 696 [1979]; Chisholm-Ryder Co. v Sommer & Sommer, 78 AD2d 143 [4th Dept 1980].) Since the doctrine of res judicata technically requires a final judgment on the merits in one action and an attempted relitigation in a second, it has no application within an action. (Siegel, NY Prac § 448, at 593.) The doctrine of the "law of the case” was devised to close that gap. It applies to various stages of the same litigation and not to different litigations. (Matter of McGrath v Gold, 36 NY2d 406 [1975].) The purpose of the law of the case doctrine is to avoid the retrial of issues already determined in the same case. (Fadden v Cambridge Mut. Fire Ins. Co., 51 Misc 2d 858 [Sup Ct, Albany County 1966], affd 27 AD2d 487 [3d Dept 1967]; see also, 5 Weinstein-Korn-Miller, NY Civ Prac ]j 5011.09; Siegel, NY Prac § 448, at 593.) The effect of a denial order, as in the case at hand, is also res judicata but under the "law of the case”, doctrine which is in essence a doctrine of intraaction res judicata. (Siegel, NY Prac § 276, at 333.)
Accordingly, third-party defendant is barred from relitigating the same issues, which were previously decided by an order of this court, based on the res judicata effect of the "law of the case” doctrine.
Motion denied.