*647 OPINION OF THE COURT
Richard F. Braun, J.
This is an action for breach of contract in which plaintiff sues defendant to recover $9,600 in damages. Plaintiff moves to strike defendant’s demand for a jury trial.
Defendant’s notice of trial, dated February 3, 1995, did not demand a jury trial. No jury demand was served by plaintiff within 10 days after service of the notice of trial, as required by CCA 1303 (a).
As the amount of damages sought in this action is not more than $10,000, an arbitration hearing was held, pursuant to CPLR 3405 and 22 NYCRR part 28. The arbitration award was in favor of plaintiff. The arbitration award was filed on April 14, 1995. From the court file, it appears that notice of the filing of the award was served by mail on April 14, 1995. Thirty-four days later, on May 18, 1995, defendant demanded a trial de nova and a jury trial, by demand filed on that date.
Plaintiff contends that defendant waived its right to demand a jury by failing to assert such right within 15 days after service of the notice of trial. Plaintiff asserts that the issues in the action are simple and that a jury trial will prolong the trial and cause plaintiff to incur substantial attorneys’ fees. Plaintiff raises no other objection to the jury demand. Defendant counters that it had a right to demand a jury when it demanded a trial de nova. Defendant is correct.
CPLR 3405 provides in pertinent part: "The chief judge of the court of appeals may promulgate rules for the arbitration of claims for the recovery of a sum of money not exceeding six thousand dollars, exclusive of interest, pending in any court or courts except the civil court of the city of New York, and not exceeding ten thousand dollars, exclusive of interest, pending in the civil court of the city of New York. Such rules must permit a jury trial de nova upon demand by any party following the determination of the arbitrators.” (Emphasis added.) Pursuant to CPLR 3405, the Chief Judge of the Court of Appeals has promulgated 22 NYCRR part 28. This part provides for compulsory arbitration of actions, including in the Civil Court of the City of New York where the amount in controversy is no more than $10,000. 22 NYCRR 28.12 (a) provides: "Demand may be made by any party not in default for a trial de nova in the court where the action was commenced or, if the action was transferred, the court to which it was transferred, with or without a jury. Any party who is not *648 in default, within 30 days after service upon such party of the notice of filing of the award with the appropriate court clerk, or if service is by mail, within 35 days of such service, may file with the clerk of the court where the award was filed and serve upon all adverse parties a demand for a trial de nova.”
The two statutes upon which plaintiff relies are CPLR 4102 (a) and CCA 1303 (a). CPLR 4102 (a) provides in relevant part: "Any party may demand a trial by jury of any issue of fact triable of right by a jury, by serving upon all other parties and filing a note of issue containing a demand for trial by jury. Any party served with a note of issue not containing such a demand may demand a trial by jury by serving upon each party a demand for a trial by jury and filing such demand in the office where the note of issue was filed within fifteen days after service of the note of issue * * * If no party shall demand a trial by jury as provided herein, the right to trial by jury shall be deemed waived by all parties.” For an action such as the instant one, the aforesaid provision is modified, pursuant to CPLR 101 and CCA 2102, by CCA 1303 (a) to the extent of reducing the 15-day period to 10 days.
The right to a jury trial is a precious one. The beginning of NY Constitution, article I, § 2 exclaims: "Trial by jury in all cases in which it has heretofore been guaranteed by constitutional provision shall remain inviolate forever; but a jury trial may be waived by the parties in all civil cases in the manner to be prescribed by law.” In order to preserve the constitutionality of the compulsory arbitration program under CPLR 3405 and 22 NYCRR part 28, the statute and rules had to provide that a party demanding a trial de nova after an arbitration hearing be given the right to demand that the trial be by jury (Penney v Elmira Professional Communications, 131 AD2d 938, 939 [3d Dept 1987]; Nuro Transp. v Judges of Civ. Ct. of City of N. Y. for County of Queens, 95 AD2d 779, 781 [2d Dept 1983]; Statom v Lumbermens Mut. Cas. Co., 106 Misc 2d 442, 444 [App Term, 1st Dept 1980]; Bayer v Ras, 71 Misc 2d 464, 467-468 [Monroe County Ct 1972]).
The requirement of CPLR 3405 that a party demanding a trial de nova "must” be permitted to demand a jury trial supersedes the time period limitations in CPLR 4102 (a) and CCA 1303 (a) (see, Hoffower v Buhite, 146 Misc 2d 68 [Sup Ct, Monroe County 1989]; contra, Lehrman Kronick & Lehrman v Mancuso, 146 Misc 2d 837 [White Plains City Ct 1990]; Consolidated Edison Co. v 1297 Realty Corp., 123 Misc 2d 827 [Civ Ct, NY County 1984]). CPLR 4102 (a) and CCA 1303 (a) are *649 statutes of general applicability for all kinds of actions in Supreme Court and Civil Court, respectively, where CPLR 3405 is one of limited application for only certain kinds of actions in those courts, i.e., those seeking a circumscribed amount of damages, which will be the subject of compulsory arbitration. Specific statutes take precedence over general ones (Busic v United States, 446 US 398, 406 [1980]). Furthermore, this construction of CPLR 3405 is consistent with its mandatory language, and this interpretation preserves the constitutional right to a jury trial (McKinney’s Cons Laws of NY, Book 1, Statutes § 171; Hoffower v Buhite, supra, 146 Misc 2d, at 69). Therefore, this court holds that plaintiff’s motion must be denied.