FEDERAL TRADE COMMISSION,
Plaintiff,

v.

METROPOLITAN COMMUNICATIONS
CORP., et al., Defendants.

No. 94 Civ. 0142(JSR).

United States District Court,
S.D. New York.

Sept. 29, 1997.

Ahmed A. Massoud, Massoud & Pashkoff, P.C., for Plaintiff.

Peter B. Zlotnick, Olshan Grundman Frome & Rosenzweig, LLP, New York City, for Defendants.

### MEMORANDUM ORDER

RAKOFF, District Judge.

NexStar Communications, Inc. ("Nex-Star"), not a party to this litigation, seeks to assert a claim in quantum meruit against certain of the defendant receivership companies and has moved for leave of the Court to interpose such a claim here. For the reasons that follow, NexStar's motion is denied.

By way of background, on January 11, 1994 plaintiff Federal Trade Commission ("FTC") commenced this action against various corporate and individual defendants, alleging violations of the Federal Trade Commission Act, 15 U.S.C. § 41 et seq. Among other things, the defendants were alleged to have fraudulently represented to victims that, in return for a fee of $7,000 apiece, the defendants would help them apply for and obtain federal licenses for specialized mobile radio ("SMR") systems that were falsely represented to be high-earning, low-risk investments—whereas in actuality they were licenses of speculative value that could be readily obtained for $200. On January 14, 1994, the Honorable John F. Keenan, U.S.D.J., to whom this case was initially assigned, temporarily enjoined defendants from further business activities with respect to SMR licenses and placed the defendant companies in receivership. On January 31, 1994,

the defendants stipulated to continuance of the injunction and receivership.

After assuming control of the defendant companies, the Receiver discontinued defendants' SMR license activities and sought to mitigate the damages suffered by those customers who alleged they had been defrauded into purchasing SMR licenses from defendants. Among other things, the Receiver negotiated agreements with CenCall Communications, Inc. ("CenCall") and Dial Call Communications, Inc. ("Dial Call") to repurchase most of the 4,000 SMR licenses sold by the defendants. One of these defendants, Nationwide Digital Data ("NDD"), had previously entered into a brokerage agreement with NexStar that entitled NexStar to commissions on those license sales arranged by NexStar. The Receiver, asserting that this brokerage agreement was inapplicable to the license sales that the Receiver had arranged with CenCall and Dial Call, brought a motion to reject any claim by NexStar for commissions. Opposing on the merits, NexStar maintained that it had substantially performed its obligations under the brokerage agreement in connection with the original license sales by NDD and argued that the Receiver had availed himself of the benefits of NexStar's efforts and therefore had forfeited the right to reject the contract.

On September 27, 1995, Judge Keenan issued an Opinion and Order ("9/27/95 Opinion & Order") granting the Receiver's motion to reject the brokerage agreement. Judge Keenan specifically found that the Receiver had independently arranged for and consummated the sales of NDD's licenses to CenCall and Dial Call, 9/27/95 Opinion & Order at 10–11, and that NexStar was not entitled to any commissions for any of its alleged prior services. *Id.*

Neither in this Court nor in any other forum did NexStar challenge this final determination. Now, however, more than a year and one half later, NexStar has reappeared and seeks leave of this Judge (to whom this case was reassigned on March 1, 1997) to interpose a claim against the receivership companies, based on the same factual allegations addressed by Judge Keenan but premised on the "different" theory of quantum meruit (as opposed to its prior contractual theory).

■ At the threshold, there is a question as to whether NexStar's new claim is legally barred, in these unusual circumstances, by principles of *res judicata*. While ordinarily that doctrine is inapplicable to determinations made in an ongoing case that has not yet been concluded by entry of a final judgment, *see. e.g., Ferris v. Cuevas*, 118 F.3d 122, 126 (2d Cir.1997); *Barrett v. United States*, 651 F.Supp. 611, 612 (S.D.N.Y.1986), here, NexStar was a nonparty whose potential rights and claims to recovery were not only collateral to the instant action but also were adjudicated conclusively by the September 27th Order of Judge Keenan. As such, Judge Keenan's order was final and appealable. *See Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 513–15, 70 S.Ct. 322, 325, 94 L.Ed. 299 (1950) (order prior to judgment that rejected potential intervenor's claims considered "final" for purposes of appeal where order "was not tentative, informal nor incomplete as to [the potential intervenor]"); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546–47, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949) (interlocutory orders that "finally determine claims of right separable from, and collateral to, rights asserted in the action" are final for purposes of appeal); *Pomerantz v. Schandler*, 704 F.2d 681, 682 (2d Cir.1983) ("The district court's two orders, being directed to non-parties, are . . . final orders as to them. . . . ").

More importantly for present purposes, such finality, in respect of a claim of a nonparty intervenor, seemingly is entitled to *res judicata* effect even if the case to which it is collateral continues. See 18 Wright, Miller & Cooper, *Federal Practice & Procedure* § 4434 (1981 & 1997 Supp.) (discussing "practical finality" and *res judicata*); *In re Levine*, 177 Misc. 412, 32 N.Y.S.2d 218, 220 (Sup.Ct., Kings County, 1941) ("The test of finality for the purpose of res judicata is whether the finding is tentative or rather intended to fix rights without further contest upon the same issue. It is not necessary that the determination be appealable to the Court of Appeals, nor is an interlocutory

motion as such denied the effect of res judicata.").

If *res judicata* does apply, NexStar is clearly barred from raising its new claim for quantum meruit, since, once a claim is brought to conclusion, "all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking different remedy." *Ferris*, 118 F.3d at 126. Here, NexStar's "new" legal theory is premised on the exact same factual allegations that were the subject of its claims that were rejected in the 9/27/95 Opinion & Order of Judge Keenan. Nor does it matter that it was the Receiver who initiated that earlier determination by bringing a "motion" (in the nature of a declaratory judgment) to reject any potential claims by NexStar, because NexStar, having joined issue, "was obliged to plead in this action any counterclaim arising out of the basic transaction in [the Receiver's] claim . . . or be forever barred by the principle of res judicata." *Martin v. Morse Boulger Destructor Co.*, 221 F.2d 218, 222 (2d Cir.1955); *PDK Labs, Inc. v. Friedlander*, No. 93 Civ. 7787(RPP), 1995 WL 459256 at *4–5 (S.D.N.Y. Aug. 3, 1995). *See also Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir.1991) ("[A] counterclaim is compulsory [when] the essential facts of the claims are 'so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.' ").

In the end, however, this Court need not finally determine whether *res judicata* applies to NexStar's new claim, because, in any event, Judge Keenan's September 25th Order is the law of the case, "which is in essence a doctrine of intra-action res judicata" that would bar NexStar's quantum meruit claim here. *Brooklyn Caledonian Hosp. v. Cintron*, 147 Misc.2d 498, 501, 557 N.Y.S.2d 842 (Civ.Ct.1990). Under the law of the case doctrine, decisions made at one stage of a case should generally be followed in subsequent stages of the same litigation in order to maintain consistency and avoid reconsideration of matters once decided in the course of a single continuing lawsuit. *In re PCH*, 949 F.2d 585, 592 (2d Cir.1991). Here, Judge Keenan concluded that NexStar did not facil-

itate in any material manner the sales to CenCall and Dial Call, *see* 9/27/95 Order at 5–6, 10–11, and, when presented with NexStar's contention that the Receiver "availed himself of the benefits of NexStar's efforts," *id.* at 7, Judge Keenan essentially found that assertion to be frivolous. Because the Court finds no "extraordinary circumstances" to disturb these earlier findings, *see North River Ins. Co. v. Philadelphia Reinsurance Corp.*, 63 F.3d 160, 165 (2d Cir.1995), "there is no indication that [NexStar's] services, such as they were,. conferred any benefit upon [the receivership companies] to support a claim of quantum meruit." *Technical Ventures Co. v. General Signal Corp.*, 657 F.Supp. 1265, 1267 (S.D.N.Y.1987).

Accordingly, nonparty NexStar's motion seeking leave of the Court to interpose a claim in quantum meruit against the receivership companies is denied.

SO ORDERED.