■ NADINE KOVAL, Respondent, v JOEL H. NOVICK, Appellant.—In a matrimonial action in which the plaintiff was granted a divorce, the defendant husband appeals from an order of the Supreme Court, Westchester County, dated June 26, 1978, which, after a hearing, *inter alia,* granted the plaintiff's motion to increase the amount of child support that he is required to pay pursuant to the divorce decree. Order reversed, on the law, without costs or disbursements, and motion denied, on constraint of *Fallis v Fallis* (54 AD2d 683), without prejudice to renew the application in the Supreme Court or Family Court, Bronx County, for modification of the judgment of divorce. The plaintiff wife in this action seeks to modify upward the amount of child support that the defendant is obligated to pay pursuant to a judgment of divorce rendered in the Supreme Court, Bronx County. This "application should be addressed to the court which made the original judgment and not to the Supreme Court in another county" *(Fallis v Fallis,* 54 AD2d 683, *supra).* We have provided that the application may also be renewed in the Family Court, Bronx County, because the judgment of divorce states that that court may be used to enforce the specific provisions of said divorce decree. Titone, J. P., Suozzi, Lazer and Cohalan, JJ., concur.

■ LONG ISLAND TRUST COMPANY, Respondent, v FRANK MONROIG, Appellant.—Order of the Supreme Court, Suffolk County, entered June 29, 1978, affirmed, without costs or disbursements. No opinion. Appeal from a further order of the same court, dated August 10, 1978, dismissed, without costs or disbursements. No appeal lies from an order denying a motion to reargue. Rabin, J. P., Gulotta, Margett and Martuscello, JJ., concur.

■ OTTO MARKEVICS, as Administrator of the Estate of MARITE MAR-