OPINION OF THE COURT
David O. Boehm, J.
This motion is brought by the defendants, pursuant to 22 NYCRR 28.13, to vacate the arbitration award made here upon two grounds.
One asserts a procedural defect in that the hearing date was scheduled by the arbitration panel more than 30 days after the case was assigned, in violation of 22 NYCRR 28.6 (b). The case was assigned on February 9, 1981 and the hearing date set on March 12, 1981, or one day beyond the 30-day period, excluding the date of assignment.
This minor violation of the arbitration rules is not jurisdictional. Although the arbitration rules require that the chairman “shall fix a hearing date and time, not less than 15 nor more than 30 days after the case is assigned” (22 NYCRR 28.6 [b]), I find that this language is directory rather than mandatory and a failure to adhere to these provisions, especially so insignificantly, does not invalidate the panel’s jurisdiction. For purposes of analogy one may turn to the cases which have similarly interpreted the *289 scheduling time requirements in discrimination cases (State Div. of Human Rights v Monroe County Dept. of Social Servs., 69 AD2d 996).
The other ground asserted is that the rights of the defendants were grievously prejudiced by the failure of the panel to grant their application for an adjournment.
The defendants reside and do business in Hawaii. Upon receipt of the notice of hearing date, defendants’ counsel telephoned defendant Jeffrey Parish and ascertained that it would be impossible for either of the defendants to be present at the hearing on March 12, 1981. By letter dated February 12, 1981, counsel advised the panel chairman of such unavailability and requested a date within the week of July 6, 1981. Plaintiff’s counsel, by letter dated February 19, 1981, objected to an adjournment and, by letter dated March 5, 1981, the panel denied the defendants’ request for the reasons that “the arbitration procedure contemplates efficient disposition of hearings, that the plaintiff’s side objects to prolonging the matter, and that the case has been certified as ‘ready’.”
The panel proceeded with the hearing, awarded the plaintiff $4,150, with interest, and dismissed defendants’ counterclaim. Defendants urge that their request for an adjournment was reasonable and denial thereof as well as the “inordinate delay” in doing so deprived them of due process of law. Defendants’ counsel made repeated attempts to reach his clients by telephone but was unsuccessful until 3:00 p.m. on March 12,1981, after the hearing had been concluded. Defendants’ counsel appeared at the hearing and raised both of the objections which are presented here for review.
A copy of a letter addressed to Chester C. Cook, the Steuben County Supreme Court Clerk, from Jean S. Gumming, Arbitration Commissioner for the Seventh Judicial District, submitted as an exhibit, advises that a note of issue and statement of readiness was filed in the Court Clerk’s office on October 20, 1980 and the case duly assigned to a panel for hearing. On November 20, 1980, the panel chairman received a letter from plaintiff’s counsel advising that all preliminaries had not been completed and *290 requesting the case not yet be scheduled for a hearing. The case was accordingly removed from the panel and diaried ahead to February 1, 1981. Not having heard anything from either counsel, the commissioner assigned the matter to the present panel on February 5, 1981 and the case thereafter scheduled for a hearing on March 12, 1981.
If there were going to be a problem regarding the presence of the defendants at the hearing, this could and should have been discovered long before the hearing date was scheduled. The failure to obtain such information until after the case was set down for hearing did not justify further delay, particularly when one considers that the very purpose of the Legislature in creating this alternative dispute procedure was to expedite the disposition of civil cases.
Accordingly, I find that none of the grounds required by the rules for the vacating of an award (22 NYCRR 28.13) have been established.
Nor is there a failure of due process. The rules provide for a trial de novo (22 NYCRR 28.12) and the defendants have made timely application therefor. This has the desired effect of vacating the award and will afford the defendants adequate opportunity to be heard. Defendants’ motion is, accordingly, denied.