■ JUDITH A. KOFFLER, Appellant, v RICHARD M. KOFFLER, Respondent. — Order of the Supreme Court, Westchester County (Ferraro, J.), entered July 30, 1981, affirmed, with $50 costs and disbursements. (See *Fallis v Fallis,* 54 AD2d 683; *Koval v Novick,* 70 AD2d 586.) Damiani, J. P., Titone, Gulotta and Bracken, JJ., concur

■ MEDIGROUP INC., Respondent, v DOUGLAS FISHER, Appellant. — In a breach of contract action, defendant appeals from an order of the Supreme Court, Nassau County (Kelly, J.), dated January 27, 1981, which denied his motion to vacate an arbitration award of $1,000. Order reversed, with $50 costs and disbursements, and case remitted to the Supreme Court, Nassau County, for a hearing to determine whether defendant can demonstrate good cause for vacating the arbitration award entered against him, pursuant to 22 NYCRR 28.7 (a). We hold Special Term was in error in applying CPLR 7511. While CPLR 7511 applies to the vacating and modifying of an arbitration award, it applies only when the parties have a written agreement providing for arbitration. In the case at bar the agreement dated January 3, 1978 does not contain a written provision to submit any controversy to arbitration; thus CPLR 7511 is not applicable. 22 NYCRR 28.2 (b) empowers the Supreme Court to transfer to the Arbitration Calendar actions such as the instant matter. 22 NYCRR 28.7 (a) provides for vacating the arbitration award where a party fails to appear at the hearing and restoring it to the Arbitration Calendar upon demonstrating "good cause". Thus, since Special Term did not reach the issue of whether defendant had demonstrated good cause under 22 NYCRR 28.7 (a), this action should be remitted to Special Term to determine whether defendant has established good cause for his failure to appear at the hearing, so as to permit the restoration of the action to the Arbitration Calendar. Thompson, J. P., Brown, Niehoff and Boyers, JJ., concur.

■ MORDECHI MIZRACHI, Respondent, et al., Plaintiff, v ELIU MIZRACHI, Defendant and Third-Party Plaintiff-Appellant. PARAGON PAINT & VARNISH CORPORATION, Third-Party Defendant-Appellant. — In a personal injury action, (1) the defendant third-party plaintiff and the third-party defendant appeal from so much of an order of the Supreme Court, Kings County (Cooper, J.), dated January 20, 1981, as granted the branches of the motion of plaintiff Mordechi Mizrachi which sought (a) to increase the *ad damnum* clause from $75,000 to $750,000, (b) to amend the bill of particulars to include a claim for alleged lost earnings previously expunged from the original bill of particulars, and (c) to amend the complaint, and (2) the defendant third-party plaintiff appeals from a further order of the same court, dated August 11, 1981, which denied its motion to vacate the prior order. Order dated January 20, 1981 affirmed insofar as appealed from, and order dated August 11, 1981 affirmed, without costs or disbursements. The record fails to demonstrate that plaintiff Mordechi Mizrachi personally and deliberately withheld information as to injuries sustained in a subsequent accident at the time substituted counsel submitted the motion that resulted in the order dated January 20, 1981. In addition, said order predated the filing of a note of issue and the defendant and third-party defendant have failed to demonstrate any prejudice as a result of granting the relief sought. Bracken, J. P., Brown, Niehoff and Rubin, JJ., concur.