OPINION OF THE COURT
David B. Saxe, J.
If an attorney attends a compulsory arbitration (22 NYCRR 28.2) hearing without his client being present and does not cross-examine opposing witnesses or otherwise participate in the arbitration process, does he make an “appearance” in order to preserve his client’s right to demand a trial de novo (22 NYCRR 28.12) or has he defaulted requiring an application to vacate the default (22 NYCRR 28.7) by establishing “good cause”?
This case was first submitted to compulsory arbitration under 22 NYCRR 28.2 because the amount of claimed damages was less than $6,000. The plaintiff’s lawyer arrived at the arbitration without his client, noted his appearance and remained silent. The arbitrator decided that the plaintiff had failed to establish a prima facie case and decided the case in favor of the defendant. The plaintiff then demanded a trial de novo. The defendant opposes the plaintiff’s right to demand a trial de novo contending that the attorney’s mere technical appearance is in fact, no appearance at all, but instead is a default. The defendant has consequently made this motion to strike the plaintiff’s demand for a trial de novo.
*875 As a general rule, at the conclusion of arbitration, if either party is dissatisfied with the arbitrator’s decision, a trial de novo may be demanded. (22 NYCRR 28.12.) Thus, 22 NYCRR 28.12 (a) provides in part: “Demand may be made by any party not in default for a trial de novo”.
The procedure is different for a defaulting party. His recourse is under 22 NYCRR 28.7 (a) which states: “the default and the award may be vacated and the action may be restored to the arbitration calendar only upon order of the court where the action was commenced * * * upon good cause shown.”
So, a party against whom a default was taken at the arbitration does not have an absolute right to a trial de novo, but instead must move to vacate the default. If a court finds “good cause” the award will be vacated and the matter will be restored to the arbitration calendar. Characterizing plaintiff’s actions here as a default, the defendant contends that the plaintiff is obligated to follow this procedure and apply for relief from its default by establishing “good cause”.[1]
Lewis v Miller (111 Misc 2d 700) involved a situation similar to this one. In that case, the defendant’s attorney appeared at arbitration without his client. After his request for an adjournment was denied, he noted his appearance on the record and the matter proceeded uncontested. An award was rendered for the plaintiff and the defendant filed a demand for a trial de novo. The successful party (the plaintiff) moved to strike the demand for a trial de novo based on the contention that the unsuccessful party (the defendant) had defaulted. The court held that the defendant had indeed defaulted, but, on its own motion, converted the motion to strike into a motion to vacate the default, and then, finding “good cause” shown, opened the default. The court took into consideration the fact that the defendant has timely applied for a new trial and actively defended the matter from its inception. The court also found significant the policy argument that “‘since the *876 arbitration program, by making arbitration compulsory, initially deprives the parties of their right to a jury trial, the procedure for obtaining a trial de novo should not be interpreted too narrowly.’ ” (Supra, at p 702 [citing Bayer v Ras, 71 Misc 2d 464].)
Nevertheless, despite the fact that it is often stated that the compulsory arbitration program initially deprives parties of their right to a jury trial, it has been consistently held that the compulsory arbitration program is constitutional. (Matter of Nuro Transp. v Judges of Civ. Ct., 95 AD2d 779; Chase v Scalici, 97 AD2d 25.)
Many attorneys regularly appear on behalf of their clients at arbitration, without their clients being present, and with no intention of participating in the arbitration process. Instead, they note their appearance on the record, permit an award to be entered against their client and immediately file a demand for a trial de novo.[2] Notwithstanding the over-all success of the compulsory arbitration system (Bayer v Ras, supra), this practice appears to be an abuse of the system which should not be tolerated.
I hold, therefore, that a technical appearance by plaintiff’s attorney at arbitration, such as occurred here, constitutes a default.
Since this motion was one to strike a demand for a trial de novo and not one to vacate a default, I am not now asked to determine if there has been enough of a showing of “good cause” to vacate the default.
The motion to strike plaintiff’s demand for a trial de novo granted.

. Various cases have attempted to interpret the meaning of and standards for establishing “good cause” under 22 NYCRR 28.7. (See, generally, Medigroup Inc. v Fisher, 87 AD2d 837; Bayer v Ras, 71 Misc 2d 464; Matzkin Co. v Pedersen Assoc., 117 Misc 2d 109 [App Term, 1st Dept]; Sassower v Higbee, 96 AD2d 588, app dsmd 61 NY2d 760; Statom v Lumbermens Mut. Cas. Co., 106 Misc 2d 442 [App Term, 1st Dept].)

. During a six-month assignment as the conferencing Judge in Part 33, Civil Court, New York County, I was increasingly made aware of how attorneys — mainly representing defendants — would flaunt the arbitration process through these means.