HENRY FRIEDMAN, Respondent, v TIMOTHY J. REAGAN, Appellant.

Fourth Department, April 5, 1985

**APPEARANCES OF COUNSEL**

*Bond, Schoeneck & King* (*John G. McGowan* of counsel), for appellant.

*Gingold & Gingold* (*Harlan B. Gingold* of counsel), for respondent.

## OPINION OF THE COURT

Dillon, P. J.

We are here presented with this court's first opportunity to interpret the Rules of the Chief Judge governing mandatory arbitration as an alternative method of dispute resolution (*see,* 22 NYCRR part 28) and to correct procedural errors in the conduct of the arbitration program in Onondaga County.

Arbitration was first authorized in 1970 as a means of reducing court congestion and expediting the disposition of claims (*see,* Judiciary Law former § 213, subd [8], as added by L 1970, ch 1004). The program has been characterized by two significant elements: (1) the arbitration of cases falling within the purview of part 28 is compulsory, and (2) a party dissatisfied with the arbitration award may demand a trial de novo.

The program enjoyed early success in Rochester City Court (*see, Bayer v Ras,* 71 Misc 2d 464) and was later expanded to the Civil Court of Bronx County and the City Court of Binghamton. It presently functions in 31 counties of the State under the authority granted to the Chief Judge by CPLR 3405 to "promulgate rules for the arbitration of claims for the recovery of a sum of money not exceeding six thousand dollars". The value of the arbitration alternative has been amply demonstrated (*see, Arbitration of Civil Cases in State Called Success,* NYLJ, Mar. 16, 1983, p 1, col 1), but its continued success requires strict adherence to the Chief Judge's Rules. This case presents evidence of noncompliance at both the administrative and judicial levels.

Plaintiff, as landlord, brought an action against defendant for breach of a lease. The complaint sought damages of $3,870. Following service by defendant of his amended answer, plaintiff served and filed an amended note of issue and statement of readiness on December 20, 1983. The case thereupon became subject to mandatory arbitration (22 NYCRR 28.2),[1] requiring that the dispute be heard and decided by a panel of arbitrators appointed by the duly designated Arbitration Commissioner for Onondaga County (22 NYCRR 28.3, 28.4). On February 28, 1984, a notice of arbitration hearing was sent by the chairman of the arbitration panel to the parties' attorneys, scheduling the hearing for March 9, 1984 at 10:30 A.M. in Syracuse. The notice was upon a standard form adopted by the

---

1. The Chief Administrator of the Courts has duly established an arbitration program in Onondaga County pursuant to which cases "noticed for trial or commenced in the Supreme Court * * * where recovery sought for each cause of action is $6,000 or less * * * shall be heard and decided by a panel of arbitrators" (22 NYCRR 28.2 [b]).

Commissioner for use in that county. It contains the following admonition: "IMPORTANT: Please make special note of the following 2. No applications for adjournment can be made except upon affidavit of actual engagement (not even upon mutual consent)."

By letter of March 2, 1984 to the chairman of the arbitration panel, plaintiff's attorney requested an adjournment of the arbitration hearing on the ground that plaintiff, who was then living in Florida, could not get plane reservations to Syracuse to attend the hearing. Defendant's counsel opposed the application on the basis that plaintiff's counsel had not submitted an "affidavit of actual engagement". The Commissioner advised plaintiff's attorney that an adjournment could not be granted because "the rules of arbitration [require] that the hearing be held as scheduled absent an affidavit of actual engagement from [plaintiff's attorney]".

Counsel for both parties, as well as the defendant and a witness subpoenaed by him, appeared at the time and place scheduled for the hearing. Plaintiff did not appear, and plaintiff's attorney stated on the record that he could not proceed in plaintiff's absence. No evidence was offered by either party.

The arbitration case report is dated March 9, 1984 and was filed in the office of the clerk of the court on April 2, 1984. It recites the following: "AWARD in favor of Defendant against Plaintiff of no cause for action * * * Default by Pl. in Person". Judgment was entered against plaintiff on April 4, 1984 (*see,* 22 NYCRR 28.7) and thereafter by motion returnable on April 25, 1984, plaintiff sought only an order vacating the default judgment.[2] Special Term granted the order, from which defendant now appeals, but made no order vacating the award and restoring the action to the Arbitration Calendar. Subsequent to Special Term's order, and thus under ordinary circumstances not

---

2. Plaintiff did not specifically ask that the award be vacated, nor did he ask that the action be restored to the Arbitration Calendar, both of which remedies are necessarily intertwined with a motion to be relieved of a default judgment. Section 28.7 (a) provides as follows: "Where a party fails to appear at the hearing, the panel shall nonetheless proceed with the hearing and shall make an award and decision, as may be just and proper under the facts and circumstances of the action, which may be entered as a judgment forthwith pursuant to section 28.11 (b) of this Part. The judgment, if any, the default and the award may be vacated and the action may be restored to the arbitration calendar only upon order of the court where the action was commenced or, if the action was transferred, the court to which it was transferred, upon good cause shown. Such order of restoration shall be upon condition that the moving party pay into the court an amount equal to the total fees payable by the administrative office for the courts to the panel."

germane to an appeal, plaintiff filed a demand for a trial de novo. It would appear, therefore, that this case is presently on the Trial Calendar.

The alternative dispositions of this appeal, as suggested by the parties in their respective briefs, are unacceptable.[3] Defendant would have us reverse the order and reinstate the default judgment, thus foreclosing any opportunity for a trial de novo (*see,* 22 NYCRR 28.12).[4] Plaintiff would have us affirm and permit the case to remain on the court calendar for trial, thus avoiding any meaningful arbitration of this dispute. In the circumstances presented, neither result is permissible under the Chief Judge's Rules.

█ The difficulties in this case began with the establishment of a policy by the Commissioner of Arbitration that applications for adjournment of arbitration hearings could only be made "upon affidavit of actual engagement" of counsel in other proceedings. Such a policy is not consistent with the Chief Judge's Rule authorizing the Commissioner "on good cause shown, [to] extend for a reasonable period the time within which the hearing shall be commenced" (22 NYCRR 28.6 [b]).[5] In so circumscribing the power granted to him by the Chief Judge, the Commissioner effectively denied litigants the opportunity to demonstrate "good cause" for adjournment. Indeed, the Commissioner's policy forecloses use of the discretionary power to grant such requests. It is so at variance with the Chief Judge's Rule on the subject that its implementation may only be viewed as "a substantial failure to follow the procedures established by or pursuant to [the] rules" (22 NYCRR 28.13 [a] [3]).[6]

---

**3.** Although time for oral argument of this appeal was requested by the parties and allotted by the court, neither party appeared and the case was deemed submitted.

**4.** By its terms, section 28.12 limits the right to demand a trial de novo to a "party not in default".

**5.** The full text of section 28.6 (b) is as follows: "The chairperson shall fix a hearing date and time, not less than 15 nor more than 30 days after the case is assigned, and shall give written notice to the members of the panel and the parties or their counsel at least 10 days before the date set. The commissioner may, on good cause shown, extend for a reasonable period the time within which the hearing shall be commenced. Such date and time shall not be a Saturday, Sunday, legal holiday or during evening hours except by agreement of the panel, parties and counsel."

**6.** Section 28.13 is entitled "Motion to vacate award" and provides, in relevant part, as follows:

"(a) Any party, except one who has demanded a trial *de novo,* within 30 days after the award is filed, may serve upon all other parties who have appeared and file with the appropriate court clerk a motion to vacate the award on only the grounds that the rights of the moving party were prejudiced because * * *

"(3) there was a substantial failure to follow the procedures established by or

■ ■ Here, there can be no doubt that the unauthorized adjournment policy prejudiced plaintiff. It worked to deny him the right to present his affirmative case at arbitration. Had his request for the adjournment been properly entertained, it is most likely that it would have been granted. The Commissioner's refusal even to consider the merits of the request was an abuse of discretion as a matter of law. The error was such that Special Term should have vacated the award pursuant to section 28.13. Subdivision (b) of that section further requires that if a "motion to vacate is granted, the case shall be returned to the top of the arbitration calendar and submitted to a new panel".

While it appears that at oral argument before Special Term there was some discussion of the applicability of section 28.13, the court chose instead to review the motion under section 28.7. That section provides that where a party fails to appear at a hearing and the arbitration award is entered as a judgment, the "judgment * * * the default and the award may be vacated and the action may be restored to the arbitration calendar * * * upon good cause shown" (22 NYCRR 28.7 [a]). Upon its finding that plaintiff had shown good cause, Special Term merely granted plaintiff's motion to vacate the default judgment. If plaintiff's proper remedy in the circumstances was under section 28.7, Special Term would also have been required to vacate the award and to order restoration of the action to the Arbitration Calendar upon the condition that plaintiff "pay into the court an amount equal to the total fees payable by the administrative office for the courts to the [arbitration] panel" (22 NYCRR 28.7 [a]). Significantly, an order of restoration under section 28.13 is not to be so conditioned.

It is because of the failure of Special Term to have vacated the award and to have ordered the restoration of the case to the Arbitration Calendar, that plaintiff now seizes the opportunity to demand a trial de novo. In the demand, he asserts that the "default judgment was vacated" by Special Term and that he "disagrees with the finding of the arbitration panel". It is obviously plaintiff's purpose to avoid submission of the merits of this dispute to a panel of arbitrators. To permit that result in the circumstances presented would violate both the spirit of the arbitration program and the letter of the rules governing its operation.

As previously stated, the Chief Administrator having established an arbitration program in Onondaga County, arbitration

___

pursuant to these rules;

"unless the party applying to vacate the award continued with the arbitration with notice of the defect and without objection."

of this case is mandated (22 NYCRR 28.2). Since a party in default is not entitled to a trial de novo, that right necessarily is reserved to those parties who have appeared at the arbitration hearing and have had an opportunity to be heard on the merits of the dispute (22 NYCRR 28.12). Plaintiff has yet to appear and present his affirmative case before an arbitration panel. His right to a trial de novo upon an arbitration award will not arise until he has done so.

We conclude, therefore, that the judgment was properly vacated and that because plaintiff's rights were prejudiced by the Commissioner's substantial failure to follow the procedures established by the Rules of the Chief Judge, the arbitration award should be vacated, and the case should be returned to the top of the Arbitration Calendar and submitted to a new panel (22 NYCRR 28.13).

The order should be modified in accordance herewith, and as modified, it should be affirmed.

BOOMER, GREEN, O'DONNELL and SCHNEPP, JJ., concur.

Order unanimously modified, on the law, and as modified, affirmed, without costs, in accordance with opinion by DILLON, P. J.