OPINION OF THE COURT
Jacqueline W. Silbermann, J.
This is a motion by defendant seeking to vacate plaintiffs demand for a trial de novo.
Although counsel for plaintiff appeared at the arbitration hearing, no witnesses or evidence were presented in support of plaintiffs cause of action or in opposition to the defendant’s counterclaim. As a result of plaintiffs failure to present evidence an award was made in favor of defendant dismissing plaintiffs cause of action and awarding defendant judgment on its counterclaim.
The rules governing compulsory arbitration provide that a trial de novo may be demanded by any party not in default (22 NYCRR 28.12 [a]). The appearance by an attorney at the hearing does not excuse a default by a party in presenting evidence and proceeding with the hearing. An attorney cannot sit by, listen to his adversaries’ proof and demand a trial de novo as a result of the failure to affirmatively participate.
. The plaintiff herein, in effect, defaulted in proceeding to trial even though it appeared at the hearing by an attorney. *131 The arbitrator noted an appearance of plaintiffs counsel but no appearance by the client.
Plaintiffs counsel contends that "there is no requirement that he must produce a witness at arbitration and a party may prove a claim or a defense by utilizing documents in its possessions [sic] and using the other party’s witnesses.” Indeed this would be true if the court were to believe that plaintiff had no witnesses or evidence to produce and had in fact presented its entire case before the arbitration panel. In such a case a plaintiff would not be in default and could demand a trial de novo (22 NYCRR 28.12 [a]).
However, this court having been presented with two motions in separate cases on the same day wherein this same law firm proceeded in almost an identical manner before the arbitration panel has come to the conclusion that this is a ploy to circumvent mandatory arbitration. (See, Elite Gold Prods. Corp. v Worldwide Casting Supply, Civ Ct, NY County, index No. 77734/84.)
Mandatory arbitration for cases in which the ad damnum clause is under $6,000 has been successful in alleviating calendar congestion of the Civil Court. If permitted to succeed such a ruse would create a loophole which would completely undermine compulsory arbitration and incidentally waste the time of the arbitrators and the adverse parties. To permit an attorney to appear at a hearing, not present any evidence and then be free to demand a trial de novo, would circumvent the statute providing for compulsory arbitration and render such law a nullity thereby defeating the intent of the arbitration procedure.
This practice should most probably be looked at by the Legislature with a view towards closing this loophole. However this court is constrained to act. This loophole allows a party to use compulsory arbitration as a forum for free discovery and not for the purpose it was established to resolve disputes and relieve court congestion.
Accordingly, defendant’s motion is denied on condition that plaintiff serve and file an affidavit with the court within five days after service of a copy of this order with notice of entry stating that it will present no evidence or witnesses at trial not already produced at the hearing. In the event plaintiff fails to file such an affidavit the motion is granted.
Plaintiff may, if it so elects, move to vacate its default and have this case restored to the Arbitration Calendar.