OPINION OF THE COURT
William Ritholtz, J.
Where a defendant at a compulsory arbitration hearing appears only by its attorney, does defendant’s nonappearance constitute a default, thereby depriving it of the right to a trial de novo?
This is a motion to vacate defendant’s demand for a trial de novo. Correspondingly, defendant cross-moves for said trial de novo. Plaintiff commenced this action to recover damages due to defendant’s alleged breach of an insurance contract to pay for a loss by theft of plaintiff’s automobile.
Pursuant to 22 NYCRR 28.12 (a), any party not in default may, within 30 days after the award is filed, demand a trial de novo. A party’s right to a trial de novo is, therefore, dependent upon what constitutes a default.
Plaintiff claims that defendant, in effect, defaulted at the arbitration hearing in that defense counsel merely sat by and listened to plaintiff’s proof and introduced no evidence. No employee of defendant insurance company was present. In *815 support, plaintiff cites the case of Honeywell Protection Servs. v Tandem Telecommunications (130 Misc 2d 130 [Civ Ct, NY County 1985]). In Honeywell, the court held that the appearance by an attorney at the hearing does not excuse a default by a party in presenting evidence and proceeding with the hearing. The court reasoned that to permit an attorney to appear, not present any evidence and still reserve all rights to a trial de novo, would "circumvent the statute providing for compulsory arbitration and render such law a nullity thereby defeating the intent of the arbitration procedure.” (Honeywell Protection Servs. v Tandem Telecommunications, supra, p 131.)
Contrary to plaintiff’s belief, however, the Honeywell case is not directly on point with the case at bar. Honeywell involved a plaintiff’s attorney who failed to present any witnesses. A plaintiff bears the initial burden of proving and going forward with his claim. This duty applies to arbitration hearings as well as to trials. It necessarily follows then, that a plaintiff who appears by his attorney only and neglects to present any evidence has clearly failed to meet the burden imposed upon him. To sanction the granting of a trial de novo to a plaintiff who makes no attempt to prove his prima facie case would render the arbitration process a sham. Under such circumstances, this court agrees that "such a ruse would create a loophole which would completely undermine compulsory arbitration and incidentally waste the time of the arbitrators and the adverse parties.” (Honeywell Protection Servs. v Tandem Telecommunications, supra, p 131.) Plaintiff’s nonappearance, therefore, would be considered a default. A trial de novo would be available to him only after the case is restored to the arbitration calendar provided good cause is shown, and plaintiff then appears at the subsequent hearing.
In the instant case, it was the defendant’s attorney who presented no witnesses. A defendant, on the other hand, is under no obligation to produce witnesses or any other evidence in defending claims against him. If there is no such obligation at trial, the right to which is a constitutional guarantee, then a more exacting standard may not be enforced at an arbitration proceeding. On the contrary, the arbitration rules, in particular the procedure governing trial de novo, should not be interpreted too narrowly since the compulsory arbitration program initially deprives the parties of their right to a jury trial. (Bayer v Ras, 71 Misc 2d 464, 468.) Evidence of the intent to liberally construe the procedure for trial de novo derives from the legislative history of *816 the arbitration rules. Under the older rule, a demand for a trial de novo required an affidavit setting forth "substantial grounds” for such demand. The rule was then amended to require merely that the affidavit set forth "grounds” for the demand. (Supra, p 466.) Under the current rule, filing a demand for the trial de novo is merely a procedural device for getting the case onto the calendar for a new trial. (Supra.) It is not an issue subject to the discretion of the court, but rather a procedure akin to filing a notice of trial, a means of assuring the right to trial. (Statom v Lumbermens Mut. Cas. Co., 106 Misc 2d 442, 444.) The mechanism must be a simple one whereby a disappointed litigant may exercise his right to a jury trial. Without such recourse to a jury trial, the rules of the mandatory arbitration would be ineffective. (Bayer v Ras, supra, p 467.) "One reason the program has worked so well is that both litigants and lawyers are assured of a trial de novo, with or without a jury, if they are unhappy with the arbitration results.” (Bayer v Ras, supra, p 466.)
In this light, it would be incongruent in this case to narrowly interpret the arbitration rules to deny defendant its right to trial de novo based on a question of a technical default. Although it did not appear by an officer or other employee, defendant was represented by its attorney who appeared and actively participated in the hearing by cross-examining plaintiff’s witness. This was not an instance, for example, where counsel’s sole purpose in appearing was merely to request an adjournment without any semblance of participation in the hearing. (See, First Natl. Bank & Trust Co. v Classic Collateral Corp., 44 AD2d 868.) It is wholly defendant’s prerogative to present its defense without calling its own witnesses. Such appearance does not constitute a default nor a willful subverting of the arbitration process as plaintiff alleges.
Therefore, plaintiff’s motion to vacate defendant’s demand for trial de novo is denied, and defendant’s cross motion for an order setting this matter down for a trial de novo pursuant to 22 NYCRR 28.12 is granted.