OPINION OF THE COURT
Richard S. Lane, J.
The renewal of motion by defendants Amtec Management and Norman Wasserman to vacate arbitration award in favor of plaintiff raises a significant issue in the administration of mandatory arbitration pursuant to the Rules of the Chief Judge (22 NYCRR) part 28.
The motion was originally returnable on March 10, 1989 and was denied by Judge Stuart Cohen by reason of no appearance by either side (CPLR 2216 [a]).
Without opposition, renewal is allowed, but, on renewal, the motion has to be denied again.
The award in this breach of contract claim bears a legend *293 noting the failure of defendants to appear. Defendants’ counsel contends that this is factually erroneous. Although conceding that his clients were not present at the hearing, he was there and participated in opposition to plaintiffs claim. His contention is confirmed by plaintiff and is accepted by the court.
Certainly nothing in law requires a party to an action (or an arbitration) to produce witnesses. Proof of a claim or a defense may be sought through documents and the utilization of the other party’s witnesses. It cannot be asserted, however, that this was an award on default nor are any other grounds for vacatur set forth.
Defendants’ counsel would not, I believe, dispute this conclusion. His real concern as expressed in his affidavits is that the legend on the award would jeopardize defendants’ application for a trial de novo under 22 NYCRR 28.12. The trouble is that the circumstances suggest intentional tactics on his part to circumvent mandatory arbitration.
Allowing such tactics to succeed would entail an expensive waste of time and resources, and might well eventually undermine the entire arbitration program which, as court statistics demonstrate, has been of enormous assistance in reducing calendar congestion and speeding the resolution of relatively minor disputes. On the other hand, however much I may decry manipulation of the system, I am unable to find any bar in law or rule.
Faced with a similar situation in Honeywell Protection Seros, v Tandem Telecommunications (130 Misc 2d 130), my colleague, Judge Jacqueline Silbermann, denied the motion but invited renewal accompanied by an affidavit that there would be no evidence on trial de novo which was not offered at the arbitration hearing. Adopting that solution would have to be with tongue in cheek. It would be merely an euphemistic way of saying "No”, since, so conditioned, defendants would be doomed to the same result on trial as in arbitration.
As Mr. Justice Cardozo has reminded us, a Judge is not a knight on a white charger seeking the Holy Grail. Uncovering a loophole in law or rule fits our job description; closing it by fiat does not. More consistent with the traditions of Anglo-American jurisprudence is to admit the existence of this loophole in the rule; to commend to the Chief Judge amending the rule to close it; and, in the interim, to permit its exploitation. At least in that manner there will be a determination on *294 the merits in this controversy which, when all is said and done, is our raison d’etre.
Accordingly, the motion is denied without prejudice to an application for leave to file a late notice of trial de novo. I will not be surprised if such application is referred to me.