■ RONALD A. FINAMORE, Appellant, v HUNTINGTON CARDIAC REHABILITATION ASSOCIATION et al., Respondents.—In an action to recover damages for loss of property, which was submitted to compulsory arbitration pursuant to 22 NYCRR 28.2, the plaintiff appeals, by permission, from an order of the Appellate Term of the Supreme Court for the Ninth and Tenth Judicial Districts, dated December 16, 1987, which affirmed an order of the District Court of the County of Suffolk, Third District (Hall, J.), dated June 26, 1985, which granted the defendants' motion to vacate the plaintiff's demand for a trial de novo.

Ordered that the order is affirmed, with costs.

The plaintiff commenced the instant action in the District Court of the County of Suffolk, Third District, seeking a money judgment in a sum less than $6,000. Pursuant to 22 NYCRR 28.2 (b), the action was referred to compulsory arbitration.

The plaintiff failed to appear at the arbitration. The plaintiff's attorney, who did appear, did nothing except submit the plaintiff's complaint, the answer, and a bill of particulars. The arbitrator made an award in favor of the defendants, stating that the plaintiff had "no cause of action".

The plaintiff then served a demand for a trial de novo. The defendants' motion to vacate the demand for a trial de novo

was granted by the District Court of the County of Suffolk, Third District, in an order dated June 26, 1985. The Appellate Term affirmed.

22 NYCRR 28.12 (a) limits the right to demand a trial de novo to parties who are not in default *(Friedman v Reagan, 107 AD2d 457, 460, n 4)*. In *Friedman v Reagan (supra)*, the plaintiff's attorney, but not the plaintiff, had appeared at an arbitration proceeding which culminated in a default judgment against the plaintiff (22 NYCRR 28.7 [a]). The plaintiff's failure to appear at the arbitration proceeding constituted a default on his part, thus precluding him from demanding a trial de novo (22 NYCRR 28.12 [a]). However, it was held that since the plaintiff's failure to appear was excusable, the Supreme Court should have vacated the default judgment and should have restored the matter to the Arbitration Calendar *(Friedman v Reagan, supra, at 460-462)*.

In the instant case, the failure of the plaintiff to appear at the arbitration proceeding constituted a default on his part, and precludes him from demanding a trial de novo *(see also, Honeywell Protection Servs. v Tandem Telecommunications,* 130 Misc 2d 130; *Cable Films v Ampro Video Prods.,* 125 Misc 2d 874). Furthermore, the plaintiff never made a formal application to have the matter restored to the Arbitration Calendar. Based on the evidence in the present record, he would not be entitled to such relief in any event, since there appears to be no valid reason for his failure to proceed with the arbitration *(cf., Friedman v Reagan, supra)*. Bracken, J. P., Kooper, Harwood and Balletta, JJ., concur.