OPINION OF THE COURT
Per Curiam.
Order entered May 23, 1995 reversed, with $10 costs, and plaintiff’s motion to strike defendant’s demand for a trial de novo is denied.
Plaintiff’s contract action for damages was referred to compulsory court arbitration (22 NYCRR 28.2 [b]). Defendant did not appear at the hearing before the arbitrator; however, his attorney did participate and cross-examined plaintiff’s witness. Subsequent to an award in plaintiff’s favor, defendant *728 made a demand for a trial de novo. That relief is available to "any party not in default” (22 NYCRR 28.12 [a]). Civil Court then granted plaintiffs motion to strike the demand, reasoning that defendant’s determination to absent himself from the arbitration was a default which precluded him from demanding a new trial.
While the failure of a plaintiff to appear or present evidence through his attorney constitutes a default for purposes of compulsory arbitration (Finamore v Huntington Cardiac Rehabilitation Assn., 150 AD2d 426), the same cannot be said when a defendant, by his attorney, appears and disputes the plaintiff’s evidence at the hearing. As a general rule, the plaintiff bears the burden of proof in a civil case (Prince, Richardson on Evidence § 3-210 [Farrell 11th ed]) and the defendant is under no obligation to present evidence or witnesses.
Here, the arbitrator’s own case report indicates that the matter was contested, since the amount awarded ($1,629) was substantially less than the amount demanded ($2,650), and the box denominated "failed to appear” was not checked. We therefore conclude that defendant’s appearance by attorney was not a default which would forfeit the remedy of a trial de novo (Valot v Allcity Ins. Co., 131 Misc 2d 814). "[T]he arbitration rules, in particular the procedure governing trial de novo, should not be interpreted too narrowly since the compulsory arbitration program initially deprives the parties of their right to a jury trial” (supra, at 815).
Parness, J. P., McCooe, and Freedman, JJ., concur.