OPINION OF THE COURT
Michael D. Stallman, J.
Defendants move for an order striking this action from the *313 Trial Calendar and vacating the plaintiffs demand for a trial de novo. Defendants assert that plaintiff defaulted at the compulsory arbitration hearing, thereby disqualifying him from seeking a trial de novo. At issue is the meaning of “not in default” in 22 NYCRR 28.12 (a).
On or about April 27, 1997, plaintiff commenced this action seeking $6,540 allegedly due under a promissory note. On or about May 9, 1997 defendants served an answer which contained various counterclaims.
The court scheduled this matter for an arbitration hearing on September 1, 1998. On the scheduled date, plaintiffs counsel appeared but plaintiff did not. The arbitrator denied plaintiffs adjournment request and the hearing proceeded. By report dated September 23, 1998, the arbitrator awarded defendants $1,704.96 on one of their counterclaims. The arbitrator dismissed plaintiffs claim. On or about October 27, 1998, plaintiff demanded a trial de novo.
Defendants argue that this court should vacate plaintiffs demand for a trial de novo, and strike the action from the Trial Calendar because plaintiff defaulted at the arbitration hearing. 22 NYCRR 28.12 (a) permits demand of a trial de novo only by a party not in default.
In opposition to this motion, plaintiffs counsel argues that because he appeared at the September 1, 1998 arbitration hearing and cross-examined defendants’ witness, plaintiff was not in default, and may proceed with a trial de novo.
Neither case cited by defendants addresses the issue of whether a party, whose counsel participates in an arbitration but who does not personally appear, is in default for purposes of 22 NYCRR 28.12 (a). Rather, they deal with the arbitrator’s discretion to deny an adjournment (Matter of Ottley [Mostoffl, 79 AD2d 964; Lehman Millet, Inc. v Parish, 109 Misc 2d 288), an issue neither material nor disputed here.
In the case at bar, the arbitrator’s case report demonstrates that the matter was contested. The arbitrator did not check off the “failed to appear” box on the award form. Rather, he specifically indicated that plaintiff did appear by attorney. Defendants’ award on the counterclaim was substantially less than demanded. In short, the entire result — both the dismissal of plaintiffs claim for lack of evidence and the award on the counterclaim — reflects plaintiffs conscious, deliberate, voluntary choice to appear, participate and try the case by his *314 counsel. Analogously, if plaintiffs counsel chose to appear and contest at trial without his client and the same result occurred, plaintiff could not attempt to vacate any part of the judgment on the assertion of excusable default. Having chosen to litigate, plaintiff cannot be deemed in default. (See, San-Dar Assocs. v Adams, 167 Misc 2d 727 [App Term, 1st Dept].) Accordingly, 22 NYCRR 28.12 (a) permits plaintiff to demand a trial de novo.
The instant case is distinguishable from Friedman v Reagan (107 AD2d 457 [4th Dept]), where the plaintiffs counsel appeared before the arbitrator to request an adjournment. When the arbitrator denied the application, plaintiffs counsel refused to proceed in his client’s absence, no evidence was taken, and the arbitrator awarded judgment on default dismissing plaintiffs claim. The court below granted plaintiffs motion to vacate the default, holding that plaintiffs inability to travel to the arbitration was excusable default under the circumstances presented. The Appellate Division modified and directed a new arbitration proceeding. The Appellate Division vacated the subsequently filed trial de novo demand precisely because a trial de novo is a right reserved only to those “who have appeared at the arbitration hearing and have had an opportunity to be heard on the merits of the dispute”. (Supra, at 462.)
The compulsory arbitration rules of the Civil Court are intended to promote the expeditious resolution of smaller cases on the merits. Because they require an arbitration hearing instead of a trial, they also permit an unsuccessful party who participated in the compulsory arbitration to demand a trial de novo to avoid a constitutional challenge for deprivation of the right to a jury trial. (NY Const, art I, § 2.) The compulsory arbitration rules therefore must be interpreted so as to guarantee to all who participate in compulsory arbitration their right to a trial. (See, Valot v Allcity Ins. Co., 131 Misc 2d 814.) Under the circumstances presented, where the counterclaim pursued in the arbitration was related to the plaintiffs claim-in-chief, there can be no question that the trial de novo should embrace both.
Accordingly, defendants’ motion is denied.