OPINION OF THE COURT
Memorandum.
Judgment unanimously affirmed without costs.
Appeal from order dismissed.
We deem the appeal from the decision dated November 30, 1999 to be from the judgment entered on February 15, 2000 *318 (see, CPLR 5520 [c]). The right of direct appeal from the order dated July 16, 1999 terminated with the entry of the judgment in the action (see, Matter of Aho, 39 NY2d 241, 248) and thus the appeal from said order must be dismissed. The issues raised on appeal from the order, however, are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).
The court below properly denied plaintiffs’ motion to vacate defendant’s demand for a trial de novo. 22 NYCRR 28.12 (a) provides that a demand for a trial de novo “may be made by any party not in default.” A party’s failure to appear at an arbitration hearing clearly constitutes a default pursuant to 22 NYCRR 28.7 (a). It has also been held that “counsel’s appearance at the arbitration hearing without his clients and his refusal to participate in the hearing constitute^] a default on the part of defendants” (Bitzko v Gamache, 168 AD2d 888 [emphasis added]; see also, Finamore v Huntington Cardiac Rehabilitation Assn., 150 AD2d 426). In the instant case, the arbitrator’s report indicates appearances by plaintiffs’ and defendant’s attorneys, and that the award was rendered after a hearing lasting approximately one hour. It is uncontroverted that the attorney representing defendant participated at the hearing, conducted cross-examination of the plaintiffs’ witnesses and produced an expert witness on behalf of defendant. Under these circumstances, the court below properly rejected plaintiffs’ argument that there was an effective default.
With respect to the trial, the decision of the trial court, as the finder of fact, should not be disturbed on appeal unless it is obvious that the court’s conclusions could not have been reached under any fair interpretation of the evidence, especially where the findings of fact involve issues of credibility (see, Thoreson v Penthouse Intl., 80 NY2d 490, 495, rearg denied 81 NY2d 835). There is no basis upon the present record to disturb the trial court’s determination, based on the credible evidence and testimony, that plaintiffs failed to prove their cause of action for breach of contract, or breach of the two-year guarantee.
Floyd, P. J., Doyle and Winick, JJ., concur.