OPINION OF THE COURT
Memorandum.
Order, insofar as appealed from, affirmed without costs.
Plaintiff instituted this action to recover the balance allegedly due for legal services rendered on defendant’s behalf in a matrimonial action. In an amended answer, defendant counterclaimed to recover overcharges based, inter alia, on allegations that he was fraudulently induced to enter into a superseding retainer agreement providing for a higher hourly rate than the initial agreement. In the order appealed from, the court, as relevant to this appeal, granted defendant’s motion to strike plaintiff’s demand for a bill of particulars and denied plaintiffs cross motion to dismiss defendant’s counterclaim for overcharges based on a claim of fraudulent inducement. Plaintiff challenges these rulings on appeal.
Before plaintiff commenced this action, defendant had requested arbitration in accordance with the New York State Fee Dispute Resolution Program (see 22 NYCRR part 137). The arbitration resulted in an award in favor of defendant on his claim for overcharges. As a party aggrieved by the arbitration award, plaintiff had an absolute right to have the matter litigated anew post-arbitration, so long as his request was timely (22 NYCRR 137.8 [a]), and it is not here claimed that plaintiffs request was untimely. However, contrary to plaintiffs contention, since, in commencing this action, plaintiff effectively vacated the arbitrator’s award in favor of defendant, defendant must be permitted to assert his claim for overcharges de novo in this action (see Wugalter v Constable Merchandising Corp., 179 Misc 2d 312 [1998]; Brooklyn Caledonian Hosp. v Cintron, 147 Misc 2d 498 [1990]).
In addition, the court providently exercised its discretion in granting defendant’s motion to strike plaintiffs demand for a bill of particulars as it was palpably improper (see Morris Erbesh, NNE, Inc. v Schwartz, 21 AD3d 532 [2005]; Hillside Equities v UFH Apts., 297 AD2d 704, 705 [2002]; Scalone v Phelps Mem. Hosp. Ctr., 184 AD2d 65, 76 [1992]; Simpson Elec. Corp. v *113 Leucadia, Inc., 130 AD2d 738 [1987]). The court was not required to prune plaintiffs improper demands (see Haszinger v Praver, 12 AD3d 485, 486 [2004]).
In view of the foregoing, the order, insofar as appealed, is affirmed.
Rudolph, EJ., Angiolillo and Lippman, JJ., concur.