OPINION OF THE COURT
Howard S. Miller, J.
*1077 Defendant moves to strike the plaintiffs demand for a trial de novo following an award against the plaintiff in mandatory arbitration. In that award, the arbitrator checked the boxes indicating both plaintiffs and defendant’s appearance “by attorney.” Defendant nevertheless argues that the plaintiff is not entitled to demand a trial de novo because plaintiff did not “appear” in the sense that no witness testified on behalf of the corporate plaintiff, and because 22 NYCRR 28.12 (a) reserves trials de novo for those who are not in default at arbitration. Defendant maintains that an appearance by an attorney, without a witness, constitutes a default.
In support of that argument, defendant cites only two cases on point, Cable Films v Ampro Video Prods. (125 Misc 2d 874 [Civ Ct, NY County 1984]), and Finamore v Huntington Cardiac Rehabilitation Assn. (150 AD2d 426 [2d Dept 1989]). In the Cable Films case, Judge Saxe found that a corporate party was ineligible to demand trial de novo because its attorney made only a pro forma appearance at the arbitration hearing and otherwise declined to participate. Judge Saxe found such behavior essentially to constitute bad faith undermining the public policy behind the mandatory arbitration program, and accordingly he found that there was a “default” in spite of the pro forma appearance, which rendered the defaulting party ineligible to demand a trial de novo. In Finamore, the Second Department came to a similar conclusion when an individual plaintiff sent only his attorney to the arbitration, who in turn did nothing other than submit the pleadings. (See also Martbeat Med. Supply, Inc. v GEICO Ins. Co., 5 Misc 3d 1019[A], 2002 NY Slip Op 50721[U] [Nassau Dist Ct 2002].)
On the other hand, a more recent Appellate Term case came to the opposite conclusion when the moving party’s attorney appeared at the arbitration and cross-examined a witness. The Appellate Term found that to be sufficient participation in the arbitration to avoid a default. (San-Dar Assoc. v Adams, 167 Misc 2d 727 [App Term, 1st Dept 1996]; see also Tripp v Reitman Blacktop, 188 Misc 2d 317 [App Term, 9th & 10th Jud Dists 2001].)
The papers on the instant motion disclose very little about what happened at the arbitration. Neither party has annexed a transcript or even affirmed an account of events based explicitly on the personal knowledge of someone who was present. Defendant’s description of events is limited to the statement, “At no time during the arbitration did plaintiffs counsel request *1078 an adjournment or otherwise explain the absence of the plaintiff.” The award suggests, without stating explicitly, that the plaintiff presented some evidence. Plaintiffs affirmation in opposition asserts that plaintiff presented some evidence, but again it is not affirmed on the basis of the personal knowledge of someone who was present at the arbitration.
On such inadequate evidence, the court is reluctant to find that plaintiff engaged in the sort of bad-faith behavior that Judge Saxe found reprehensible in Cable Films (supra). Before a moving party can invoke the theory of the Cable Films case, the court believes that the burden of proof is squarely on that moving party to show bad-faith behavior undermining the mandatory arbitration program. It must be remembered that the mandatory arbitration program is potentially in derogation of a party’s constitutional right to a jury trial, so any deprivation of that right must be very carefully circumscribed. (See San-Dar, supra.)
The defendant having failed to show evidence in support of carrying its burden of proof, the motion is denied.