Citibank, N.A., Respondent,
against
Holly A. Geyer, Appellant.




Law Office of Jason Tenenbaum, P.C. (Jonathan Depasquale of counsel), for appellant.
Forster & Garbus, LLP (Annette T. Altman and Valerie Watts of counsel), for respondent.

Appeal from an order of the District Court of Nassau County, First District (Ignatius L. Muscarella, J.), entered June 23, 2017. The order, insofar as appealed from, upon renewal, adhered to the original determination in a prior order of that court dated February 10, 2017 denying defendant's motion pursuant to Rules of the Chief Judge (22 NYCRR) § 28.12 (b) for an extension of time to file a demand for a trial de novo.




ORDERED that the order entered June 23, 2017, insofar as appealed from, is reversed, without costs, and, upon renewal, the determination in the order entered February 10, 2017 denying defendant's motion pursuant to Rules of the Chief Judge (22 NYCRR) § 28.12 (b) for an extension of time to file a demand for a trial de novo is vacated, defendant's motion is granted, and defendant's time to file a demand for a trial de novo is extended until 30 days after service upon her of a copy of this decision and order.
Plaintiff commenced this action to recover the principal sum of $5,459.60 for breach of a credit card agreement and upon an account stated. On August 8, 2016, the matter was submitted for arbitration, as mandated by the Rules of the Chief Judge (see 22 NYCRR part 28), and the [*2]arbitrator, after a hearing, awarded plaintiff the principal sum of $5,459.60. The arbitration case report indicates that plaintiff appeared by its attorney and witness, and defendant appeared by her attorney. The record further indicates that defendant's demand for a trial de novo was rejected by the clerk. 
Defendant subsequently moved pursuant to Rules of the Chief Judge (22 NYCRR) § 28.12 (b) for an extension of time to file a demand for a trial de novo. In an affirmation in support of the motion, defendant's counsel stated that the arbitration award had been mailed to defendant on October 6, 2016 and the instructions provided therewith indicated that a demand for a trial de novo needed to be served on or before November 10, 2016. He alleged that a demand for a trial de novo had been served upon plaintiff on November 10, 2016; however, it had not been filed in court on November 10, 2016. The demand for a trial de novo had, therefore, been returned by the clerk because it had not been filed within 35 days of the arbitration award (see Rules of the Chief Judge [22 NYCRR] § 28.12 [a]). 
In opposition to the motion, plaintiff's counsel argued that defendant had not appeared in person at the arbitration, and that only her attorney had appeared. Plaintiff's counsel asserted that "[d]efense counsel had and took advantage of the opportunity to cross-examine plaintiff but, as set forth in the arbitration report, . . . Defendant did not present a defense." Therefore, plaintiff argued, defendant was in default and not entitled to demand a trial de novo.
By order dated February 10, 2017, the District Court (Ignatius L. Muscarella, J.) denied defendant's motion, finding that defendant had failed to both timely serve and file the demand for a trial de novo.
Thereafter, defendant moved for leave to renew her prior motion. In a supporting affirmation, counsel reiterated the allegations contained in the initial moving papers. He further alleged that he recalled personally having served the demand for a trial de novo on November 10, 2016 and having mailed a copy to the court on that date. As the demand for a trial de novo had been served 35 days from the date of mailing of the arbitrator's award, it had been timely; only the filing thereof was late. He had erroneously believed that if his envelope containing the demand for a trial de novo was properly postmarked within the 35-day period following the mailing of the arbitration award, the clerk would accept it for filing. Due to his mistake with respect to the filing of the demand, defendant's motion for leave to file a late demand should be granted based on law office failure. 
In an affirmation in opposition, plaintiff's counsel alleged, among other things, that since defendant did not appear at the arbitration hearing or present a defense, she was in default and, thus, had no right to demand a trial de novo (see Rules of Chief Judge [22 NYCRR] § 28.12 [a]).
By order entered June 23, 2017, the District Court granted leave to renew. The court stated that, in the initial motion, plaintiff had raised issues regarding defendant's failure to strictly comply with the service and filing of the demand for a trial de novo, as well as the fact that defendant had failed to appear at the arbitration hearing, but defendant had not responded to [*3]plaintiff's arguments regarding defendant's alleged default in the prior motion papers. The court determined that, based upon defendant's counsel's allegations contained in his affirmation submitted in support of the renewal motion, the technical defect regarding service and filing of the demand for a trial de novo had been cured. However, the court concluded, that, since defendant had not addressed plaintiff's issue regarding defendant's default at the arbitration hearing in the original motion, and she had offered no excuse for not having done so in the renewal motion, it would be improper for the court to consider the issue of her default at this juncture. In any event, the court noted that the arbitrator had specifically acknowledged defendant's absence and the presence of her attorney, and the fact that defendant had not presented a defense. Consequently, upon renewal, the District Court adhered to its prior determination.
On appeal, defendant contends that she did not default in the arbitration proceeding. She appeared by counsel, who sought to challenge the evidence presented by plaintiff at the hearing. As her attorney participated in the hearing, she was not in default.
Upon a review of the record, we find that an extension of time should have been granted. Notwithstanding the arbitrator's remark that "defendant did not present a defense," plaintiff's attorney conceded that defense counsel had participated in the arbitration by cross-examining plaintiff's witness. Thus, defendant's attorney's appearance at the arbitration did not constitute a default which would result in the forfeiture of the right to demand a trial de novo (see Tripp v Reitman Blacktop, 188 Misc 2d 317 [App Term, 2d Dept, 9th & 10th Jud Dists 2001]; San-Dar Assoc. v Adams, 167 Misc 2d 727 [App Term, 1st Dept 1996]).
Accordingly, the order entered June 23, 2017, insofar as appealed from, is reversed and, upon renewal, the determination in the order entered February 10, 2017 denying defendant's motion pursuant to Rules of the Chief Judge (22 NYCRR) § 28.12 (b) for an extension of time to file a demand for a trial de novo is vacated, defendant's motion is granted, and defendant's time to file a demand for a trial de novo is extended until 30 days after service upon her of a copy of this decision and order.
BRANDS, J.P., MARANO and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 24, 2018