Armen v Einsidler Mgt., Inc. (2021 NY Slip Op 51068(U))

[*1]

Armen v Einsidler Mgt., Inc.

2021 NY Slip Op 51068(U) [73 Misc 3d 136(A)]

Decided on November 4, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 4, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELIZABETH H. EMERSON, J.P., TIMOTHY S. DRISCOLL, HELEN
VOUTSINAS, JJ

2020-768 S C

Mehrod Armen, Respondent,
against
Einsidler Management, Inc., Appellant. 

Cohen, Warren, Meyer & Gitter, P.C. (Lisa Albert of counsel), for appellant.
Mehrod Armen, respondent pro se (no brief filed).

Appeal from an order of the District Court of Suffolk County, First District (Cheryl M.
Helfer, J.), entered July 7, 2020. The order denied defendant's motion to, in effect, vacate an
arbitrator's award entered upon defendant's default in appearing at an arbitration.

ORDERED that the order is affirmed, without costs.
In this small claims action, plaintiff, who owns a condominium unit, seeks to recover the
principal sum of $5,000 based on defendant property manager's alleged failure to provide
services. The matter, which was submitted to mandatory arbitration (see Rules of Chief
Judge [22 NYCRR] part 28), was set down for arbitration on November 20, 2019. Defendant
failed to appear and, following an inquest, in an "Arbitration Case Report," the arbitrator
awarded plaintiff the principal sum of $4,900. 
Upon receipt of the arbitrator's decision, defendant moved, pursuant to CPLR 5015 (a), to
vacate its default in appearing at the arbitration. In support of its motion, defendant submitted the
affidavit of its employee, John Hansen, who stated that defendant is the managing agent of
Fairview at Artist Lake Condominium II (the Condominium), where plaintiff is a resident unit
[*2]owner, and that he is the property manager "for the
Condominium on behalf of Defendant." Hansen asserted that defendant had first learned of the
pendency of this action upon its receipt of the arbitrator's decision in the mail, and claimed,
among other things, that, as defendant had only acted as an agent for the Condominium, it had a
meritorious defense to the action. The District Court denied defendant's motion.
A party's failure to proceed at an arbitration hearing constitutes a default (see Finamore v
Huntington Cardiac Rehabilitation Assn., 150 AD2d 426 [1989]; Rosman & Co. v Chideckel, 44
Misc 3d 137[A], 2014 NY Slip Op 51248[U] [App Term, 2d Dept, 9th & 10th Jud
Dists 2014]; see also Bitzko v Gamache, 168 AD2d 888 [1990]). Since this matter was
set down for mandatory arbitration, defendant's default was subject to vacatur "upon good cause
shown" under the Rules of the Chief Judge (22 NYCRR) § 28.7 (a) (see Rosman &
Co. v Chideckel, 2014 NY Slip Op 51248[U]; Clover Commercial Corp. v Isidore, 17 Misc 3d 126[A], 2007 NY
Slip Op 51837[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2007]). "Good cause" includes
a valid reason for the failure to proceed with the arbitration (see Finamore v Huntington
Cardiac Rehabilitation Assn., 150 AD2d 426). 
The record reflects that the District Court notified defendant of the hearing date in advance
thereof. In small claims actions, there is a statutory presumption of notice (see UDCA
1803). Hansen's conclusory denial of receipt of notice was inadequate to rebut that statutory
presumption (see Bunting v
Cervera, 62 Misc 3d 128[A], 2018 NY Slip Op 51871[U], *1 [App Term, 2d Dept, 9th
& 10th Jud Dists 2018]; Alterman
v Adelphi Academy of Brooklyn, 53 Misc 3d 152[A], 2016 NY Slip Op 51703[U], *2
[App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]) or otherwise to demonstrate good
cause for defendant's failure to appear. Consequently, we conclude that the District Court's denial
of defendant's motion did not constitute an improvident exercise of discretion. 
We reach no other issue. 
Accordingly, the order is affirmed. 
EMERSON, J.P., DRISCOLL and VOUTSINAS, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 4, 2021