Pawlukiewicz v Pawlukiewicz (2022 NY Slip Op 51259(U))

[*1]

Pawlukiewicz v Pawlukiewicz

2022 NY Slip Op 51259(U) [77 Misc 3d 134(A)]

Decided on December 9, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 9, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT,
CHEREÉ A. BUGGS, JJ

2019-522 Q C

Kenneth J. Pawlukiewicz,
Respondent,
against
Rosemarie K. Pawlukiewicz, Appellant.

Rosemarie K. Pawlukiewicz, appellant pro se.
Kenneth J. Pawlukiewicz, respondent pro se.

Appeal from an order of the Civil Court of the City of New York, Queens County
(Tracy A. Catapano-Fox, J.), dated December 17, 2018. The order denied defendant's
motion to vacate a default judgment.

ORDERED that the order is affirmed, without costs.
In this small claims action, plaintiff seeks to recover the principal sum of $4,500,
based on damage which defendant allegedly caused by driving on plaintiff's sidewalk.
The Civil Court notified defendant, by ordinary first-class mail and by certified mail with
return receipt requested, of the pendency of this small claims action and her obligation to
appear in court on the date specified therein, and there is no indication in the record that
the mail was returned as undeliverable. The matter was originally set down for trial on
June 3, 2008. It was adjourned to July 14, 2008 and marked final as against defendant.
On July 14, 2008, an inquest was held and a default judgment was entered in favor of
plaintiff in the principal sum of $4,500.
In December 2018, after defendant received a marshal's notice and an income
execution was served on her employer, defendant moved to vacate the default judgment
and to restore the action to the calendar. In her supporting affidavit, defendant said that
she had received papers in [*2]her office concerning a
garnishment, and stated her address to be "101 Richardson St., Brooklyn, NY 11211"
—the employer's address to which the Civil Court had mailed notice of the
pendency of the action in 2008. Defendant denied that she had been properly served and
asserted that the court thus lacked jurisdiction. Following oral argument, her motion was
denied. This appeal ensued.
The Civil Court properly notified defendant of the action at her place of regular
employment within the city of New York (see CCA 1803).[FN1]
In small claims actions, there is a statutory presumption of notice (see CCA 1803;
see also Armen v Einsidler
Mgt., Inc., 73 Misc 3d 136[A], 2021 NY Slip Op 51068[U] [App Term, 2d
Dept, 9th & 10th Jud Dists 2021]). Since there is no indication that the mail was
returned to the Civil Court as undeliverable, defendant's conclusory denial of service
failed to rebut the presumption that defendant received notice of the claim (see Andrade v Companion Animal
Network, Inc., 64 Misc 3d 144[A], 2019 NY Slip Op 51283[U], *2 [App Term,
2d Dept, 2d, 11th & 13th Jud Dists 2019]; Alterman v Adelphi Academy of Brooklyn, 53 Misc 3d
152[A], 2016 NY Slip Op 51703[U], *1 [App Term, 2d Dept, 2d, 11th & 13th
Jud Dists 2016]). Consequently, we find that the Civil Court did not improvidently
exercise its discretion in concluding that defendant had been properly served and that
jurisdiction had been acquired over defendant. As defendant failed to provide a
reasonable excuse for her default, the denial of defendant's motion to vacate the default
judgment rendered substantial justice between the parties (see CCA 1804, 1807).
In view of the foregoing, it is unnecessary to consider whether defendant sufficiently
established the existence of a potentially meritorious defense to the action (see Matter of Malcome X.K.
[Amber N.M.], 179 AD3d 684, 685 [2020]; U.S. Bank, N.A. v Essaghof, 178 AD3d 876, 878
[2019]).
Accordingly, the order is affirmed.
ALIOTTA, P.J., TOUSSAINT and BUGGS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 9, 2022

Footnotes

Footnote 1: Although it cannot with
certainty be determined what defendant's residential address was at the time this action
was commenced, in numerous court filings, defendant stated that she has a New Jersey
residence (see CCA 1803).